PEEPLES v. CUMMINGS.

1. FINDINGS OF FACT by the Circuit Judge upon issues purely legal in their nature, submitted to him by consent, will not be reviewed by this Court.
2. EXCEPTIONS.—An exception imputing as error that a "decree is contrary to the law and evidence," is too general to have consideration by this Court.

Before NORTON, J., Hampton, 1894. Affirmed.

Action by W. H. Peeples and Mary Annie Mixson against C. C. Cummings, L. A. Tuten, and Annie Eliza Tuten and Mary Sue Tuten, infants over the age of fourteen years, and Mary Belle Tuten and Charles Tuten, infants under the age of fourteen years, for partition and possession of lands.

The following is the decree of Judge Norton:

This is an action brought by W. H. Peeples and Mary Annie Mixson, alleging that they are tenants in common with the defendants of a tract of land in Hampton County, and asking partition of the same according to the rights of the respective parties. The defendant, C. C. Cummings,

answers, denying the allegations in the complaint, setting up title in himself, and pleads also the statutes of limitation. L. A. Tuten also answers, disclaiming any interest in the land. The other defendants are infants, and under the protection of the courts. The plaintiffs also claim that the defendant, C. C. Cummings, committed waste on the land since 23d March, 1891, and asks for an accounting. The testimony clearly establishes that no timber has been cut on the land since C. C. Cummings came into possession, and, therefore, this question is eliminated from the controversy. The only question, therefore, is, have the plaintiffs set up a title to the land, which entitles them to a partition thereof? It is, of course, incumbent on the plaintiffs to show title in themselves by clear and undisputed chain, inasmuch as the defendants deny title, and before partition can be had, the strictness of proof is necessary as is required in an action of trespass to try title. The issues are all by consent submitted to the Court, jury trial being waived. The plaintiffs have no title deeds whatever to the property, but claim title from Eliza Peeples, who was the mother of the plaintiffs. The deeds through which C. C. Cummings claims are relied on by plaintiffs, supported by the testimony, to show that this defendant claims through a common source, which fact is admitted by the defendant, C. C. Cummings.

It is, therefore, adjudged, that Eliza Peeples owned the land, and the plaintiffs must prevail, unless she conveyed it to W. J. Peeples, or he has held it adversely to her title sufficiently long to acquire a title as against her and her heirs. C. C. Cummings claims that Abram Peeples and the said Eliza, then his wife, made a note to W. J. Peeples for the sum of $671, on the 3d day of May, 1860; that in order to secure the payment of said note they put said W. J. Peeples in possession of the land in dispute, and authorized him to sell the same and pay their said note. That subsequently said Eliza executed a deed to W. J. Peeples for said land; that Abram Peeples died in 1865, and W. J. Peeples

married said Eliza on 4th January, 1866. In 1860, note of Abram Peeples and wife was the note of the husband alone, void as to the wife. Her act with her husband putting W. J. Peeples in possession was without consideration as to her and void, even had it been based upon a valuable consideration, the effect would be only to give such rights as husbands alone could give, that is, possession during his life. The burden of proof to show that Eliza made valid deed to W. J. Peeples is upon defendant. That is not shown by proof that he once had a deed which was lost. See *Standridge* v. *Powell*, 11 S. C., 550; for it does not follow that it was made during non-coverture, nor that it had the requisite number of witnesses. W. J. Peeples does not pretend to fix the time, nor does Rigdon Peeples. On the contrary, one would infer from Rigdon Peeples' testimony that W. J. Peeples' possession and claim to sell was derived solely from the transaction between Abram and her on the one side, and W. J. Peeples on the other. So no valid deed was executed. W. J. Peeples married Eliza in 1866, and was entitled to the possession of all her lands, and no running of the statutes could occur during coverture. She left minor children, the youngest of which came of age in 1873. About the time he came of age, his sister and cotenant, Emma Tuten, died, leaving minor children, and who are still minors, so as there is no statutory bar to recovery in this action, it is adjudged, that C. C. Cummings has failed to establish exclusive title to the tract of land described in the complaint, and that a writ in partition do issue in accordance with the prayer of the complaint.

From this decree the defendant, C. C. Cummings, appeals on the following grounds:

1. Because his Honor erred in holding, according to the evidence, that Eliza J. Peeples did not for value convey the premises in dispute to W. J. Peeples, the grantor of the defendant.

2. Because his Honor erred in holding, according to the

evidence, that W. J. Peeples did not hold possession adversely to Eliza J. Peeples, and that the statutory bar was not complete by reason of the coverture of Eliza J. Peeples.

3. Because his Honor's decree was contrary to the law and the evidence.

*Mr. C. J. C. Hutson,* for appellant.

*Messrs. Tillinghast & Bostick,* contra.

Sept. 9, 1895. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts in this case are fully stated in the decree of his Honor, Judge Norton, which will be incorporated in the report of the case. Appellants' first and second exceptions are as follows:

1. "Because his Honor erred in holding, according to the evidence, that Eliza J. Peeples did not for value convey the premises in dispute to W. J. Peeples, the grantor of the defendant.

2. "Because his Honor erred in holding, according to the evidence, that W. J. Peeples did not hold possession adversely to Eliza J. Peeples, and that the statutory bar was not complete by reason of the coverture of Eliza J. Peeples."

The findings of fact of which these exceptions complain grew out of the issues raised by the defendant, Cummings, who set up title in himself, and pleaded the statute of limitations, both of which are purely *legal* in their nature. The findings of fact upon such issues cannot be reviewed by this Court. *Columbia W. P. Co.* v. *Columbia St. R. L. & P. Co.,* 42 S. C., 488. These exceptions are overruled.

The third exception is too general for consideration, as has repeatedly been held by this Court.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.