## PEEPLES v. WERNER & CO.

1. PLEADINGS—AGRICULTURAL LIEN.—The complaint states a cause of action for value of cotton sold by defendant over which plaintiff had an agricultural lien.
2. CHARGE.—A request which does not cover any issues in a case is properly refused.
3. NEW TRIAL.—Order refusing new trial will not be reversed unless trial Judge commit error of law in refusing it, nor upon cumulative evidence.

Before WITHERSPOON, J., Charleston, April, 1897. Affirmed.

Action by J. W. Peeples against John T. Werner & Co. for value of cotton sold by them over which plaintiff claimed an agricultural lien. Judgment for plaintiff. Defendants appeal.

*Messrs. Mordecai & Gadsden,* for appellants, cite: *Cir-*

*cuit Judge may grant new trial on after-discovered testimony:* 14 S. C., 428; 16 S. C., 116; 33 S. C., 401.

*Mr. Rutledge Rivers,* contra, cites: *Complaint states cause of action:* 35 S. C., 190. *Exception too general:* 24 S. C., 280, 597. *Refusal to grant new trial not appealable:* 14 S. C., 430; 15 S. C., 547; 33 S. C., 404; 39 S. C., 416; 31 S. C., 138, 443. *Evidence discovered would not change result:* 47 S. C., 263.

March 1, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action was commenced in the Court of Common Pleas for Charleston County, in this State, by the service of summons and complaint, on 21st day of May, 1894. It was tried before Judge Witherspoon and a jury at the February, 1897, term, and a verdict having been rendered in favor of the plaintiff, judgment was duly entered up. The defendants now appeal.

The first alleged error on the part of the trial Judge is in overruling the oral demurrer interposed by the defendants, that the complaint did not state facts sufficient to constitute a cause of action. I will first consider this question. The complaint alleges substantially these facts as plaintiff's cause of action. That the defendants, composing a firm of John F. Werner and Company, were, at the time mentioned in the complaint, doing business as such firm. That the plaintiff and one W. M. Hiers, both of Hampton County, in this State, on the 22d day of February, in the year 1893, made an agreement, which was reduced to writing and signed by both of them, whereby the plaintiff bound himself to make advances for agricultural purposes to said Hiers not to exceed the sum of $888.88, to be employed by said Hiers in the cultivation of the three farms in Hampton County known as "W. H. Hiers' plantation, near Estill, containing about 55 acres;" "John Lawton's 'Colcock plantation,' containing about 40 acres," and "H. H. Peeples' joint stock plantation, near

Mathews Bluff, containing about 120 acres;" and that to secure said advances said Hiers gave to the plaintiff a lien upon all the crops grown on said three plantations during the year 1893, and that the plaintiff made the advances so stipulated in said agreement; that said lien was duly filed in the office of the register for mesne conveyances in said Hampton County. That in October, 1893, the said W. M. Hiers shipped from Hampton County, in said State, six bales of cotton which had been grown on the plantations over which the plaintiff had a lien, to the defendants, in the city of Charleston, in said State. That the defendants not only knew that the lien of the plaintiff covered said six bales of cotton, but also was directed by the said W. M. Hiers to apply the proceeds of the sale thereof to the payment, *pro tanto*, of the amount due by said Hiers to the plaintiff. That the plaintiff, in October, 1893, visited the place of business of the defendants in Charleston, and the defendants recognized his prior lien on said six bales of cotton, and then and there entered into an agreement to sell said six bales of cotton for the plaintiff, charging for the. services of said defendants in making said sales seventy-five cents per bale. That afterwards the defendants did sell said six bales of cotton, realizing $225 from such sale, which said sum the defendants refused to pay over to the plaintiff. This Court had this same question presented to it in *Drake* v. *Whaley*, 35 S. C., 187, and it was there decided that the complaint containing such similar allegations was sufficient. The present case is even stronger than that just cited, because here it is alleged in the complaint that the defendants agreed with the plaintiff himself to sell said six bales of cotton as his agent, and pay over the proceeds to him after having first deducted seventy-five cents a bale as the charge for defendant's services. The Circuit Judge committed no error. This exception is overruled.

But the appellants contend that there was error in the Circuit Judge in not charging as requested by them. To understand this exception, which is the fourth, it may be

stated that the defendants in their answer stated that the said W. M. Hiers shipped the said six bales of cotton to them under an agricultural lien, for $150, executed by said Hiers on the 26th September, 1893, and by its terms covering crops grown by him on a certain plantation known as the *Thomas Place*, and that said defendants had advanced to Hiers far more than the $150, nominated in the lien, which advances were unpaid when Hiers shipped this lot of cotton to them in October, 1893. The request was in these words: "That if you find that the defendants, John F. Werner & Co., being then *bona fide* creditors of W. M. Hiers, received a bill of lading for the six bales of cotton, Hiers being then indebted to him (them), the defendants, in a sum of money about or exceeding the value of the six bales of cotton, that they had a right to apply the proceeds of the sale of that cotton to the liquidation of the balance due them by Hiers; and that the fact of there being a lien on that specific cotton in favor of the plaintiff, even though they had knowledge of the fact that there was a lien in favor of the plaintiff, that they had a right to apply that cotton ordinarily to the liquidation of their advances." The Circuit Judge did not charge this request, no doubt for the simple reason that it neither met the issues raised by the pleadings nor the testimony. In defendant's answer they claimed the cotton under their lien executed in September, 1893, which covered the crops grown on the "Thomas" tract of land. It was shown by the testimony that W. M. Hiers raised no crops that year on the "Thomas" land. There was a conflict of testimony between the witnesses for the plaintiff and the defendants, respectively, as to whether Hiers raised this six bales of cotton on the tracts of land embraced in the lien from Hiers to plaintiff, or whether he purchased it at his store. The trial Judge was obliged to shape his charge to the jury so as to cover the issues raised by the pleadings and responded to by the testimony. The charge preferred in the request of the defend-

ants, as before remarked, did not meet these issues.    This exception is overruled.

The third ground of appeal is in these words: "Because his Honor should have granted the motion for a new trial upon the ground of after-discovered evidence, and erred in refusing to grant such motion."    It is well settled in this State that no alleged error of a trial Judge in refusing to grant a new trial is reviewable in this Court, unless the said Judge commits some error of law. The "Case" shows that the testimony offered by defendants, as new or after-discovered evidence, in support of their motion for a new trial, was cumulative.    They had, in the trial before the jury, endeavored to show that Hiers had bought, and had not raised, the six bales of cotton.    The witness, "Box," upon whom they relied, was a clerk in Hiers' store, and within their reach.    There was a long interval of time between the commencement of the action and its trial.    In his order refusing the new trial, the presiding Judge simply overruled the motion.    There is, consequently, no evidence in the "Case," that in refusing the motion in question, he committed any error of law—indeed, the inference from the language used by him in his order is that he refused it because of the insufficiency of the testimony.    All the questions of fact have been fully submitted to a jury, and under the circumstances detailed in the "Case" this Court is unwilling to interfere with that verdict.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.