REVOLUTION COTTON MILLS v. UNION COTTON MILLS.

1. EVIENCE—PRINCIPAL AND AGENT.—In action to recover value of loss of weights in cotton sold under written contracts between parties, under Interior Cotton Buyers' Association, providing that seller shall have right to reweigh if buyer is dissatisfied with weights, where broker consents to buyer using cotton before notifying seller of dissatisfaction with weights, it is competent to show that such broker had no authority from seller to grant such permission.

2. NEW TRIAL.—The evidence here tending to show that a number of bales of cotton had lost in weight, that only a part of the lot was weighed by seller under terms of contract of sale, the other being used by buyer without seller's consent, refusal of new trial is not reversible error.

Before GARY, J., Union, October term, 1904.   Affirmed.

Action by Revolution Cotton Mills against Union Cotton Mills.   From judgment for plaintiff, it appeals.

*Messrs. Simpson & Bomar,* for appellant, cite: *Evidence made case for plaintiff:* 65 S. C., 197; 69 S. C., 434; 66 S. C., 61.   *Failure of jury to give interest as directed is error:* 16 S. C., 14; 68 S. C., 527.

*Messrs. Hydrick & Sawyer,* contra, cite: *New trial properly refused:* 69 S. C., 102; 58 S. C., 222; 57 S. C., 289; 52 S. C., 382; 47 S. C., 57; 20 S. C., 150; 49 S. C., 460. *Evidence of Crabtree if irrelevant is harmless:* 52 S. C., 371.

November 20, 1905.    The opinion of the Court was delivered by

Mr. Chief Justice Pope.    By this action the plaintiff sought to recover the sum of $626.16, with interest from the 15th of June, 1903.    The case came on to be heard before Judge Ernest Gary and a jury at the October term, 1903, of the Court of Common Pleas for Union County.    The verdict was for the plaintiff for $86.96.    After entry of judgment thereon, the plaintiff appealed to this Court upon the following grounds:

"I. Because, as it is respectfully submitted, the presiding Judge erred in allowing the witness, Beale, on behalf of the defendant, to testify in answer to a question by the defendant's counsel that Ralli Bros., for whom Beale was working, did not know Crabtree in the transaction at all, when the matter inquired about was *res inter alios acta,* and could not affect the plaintiff's rights or interests in this controversy— the error being that such testimony was incompetent and irrelevent to the issue here under the circumstances.

"II. Because the presiding Judge erred as a matter of law in not setting aside the verdict and granting a new trial when the evidence of the plaintiff's witnesses showed and the evidence of the defendant's witness, Beale, tended to show that all of the 300 bales sold by the defendant to the plaintiff had lost in weight in an amount considerably more than the sum found by the jury, there being absolutely no testimony in contradiction of this.

"III. Because the presiding Judge erred as a matter of law in not setting aside the verdict and granting a new trial on the ground that there was absolutely no testimony to support the verdict for the amount found, and that the uncontradicted testimony showed that the verdict should have been for a larger amount, to wit: at least for an additional amount equal to the value of the cotton which the 166 bales, not weighed by defendant's witness, had lost according to the testimony of plaintiff's witnesses—their testimony as to such weights

being absolutely uncontradicted, and the witnesses themselves being unimpeached.

"IV. Because the presiding Judge erred as a matter of law in not setting aside the verdict and granting a new trial on the ground that such verdict was unsupported by the evidence, when the testimony of plaintiff's witnesses, none of whom were impeached, showed, and the testimony of Beale, the defendant's witness, tended to show, that all of the cotton had lost in weight—the testimony of the said Beale being that every one of the 134 bales weighed by him, with two exceptions, had lost in weight, and that the average loss of the said bales was 5.38 pounds per bale, over and above the three pounds allowed by the contract.

"V. Because the presiding Judge erred as a matter of law in not setting aside the verdict and granting a new trial on the ground that when the plaintiff's witnesses had testified to a much larger loss than that for which the verdict was rendered, and the defendant's witness, Beale, had testified that the 134 bales weighed by him had lost in weight to the amount found by the jury—and that he did not weigh the remaining bales—the verdict for only the amount of loss testified to by Beale was not supported by the evidence, but was absolutely in conflict with it, and, therefore, should be set aside.

"VI. Because the presiding Judge erred as a matter of law in not setting aside the verdict and granting a new trial on the ground that, taking the whole testimony together, the verdict of the jury could not be sustained in any possible view of such testimony, but was and is in conflict with such testimony, and should have been set aside.

"VII. Because the presiding Judge, in considering the motion to set aside the verdict of the jury and grant a new trial, was bound under the law at least to exercise a sound, legal discretion, and that the testimony in this case was so overwhelmingly and uncontradictedly in favor of the plaintiff, that his refusal to grant such new trial was, we respect-

fully submit, an abuse of discretion, for which a new trial should now be granted."

We will now examine this matter. As the appellant in his argument states, the appeal raises two questions: (1) whether certain testimony admitted over plaintiff's objection was competent; (2) whether it was error to refuse the motion for a new trial.

It would be well in leading up to the first question to give a brief statement of the facts. On the 28th of May, 1903, the defendant, acting through W. D. Nesbitt & Co., which last named was represented by Thomas Crabtree, of Greensboro, N. C., sold to the plaintiff 300 bales of cotton, represented to weigh 149,719 pounds, at twelve and one-sixteenth cents per pound. A regular agreement in writing was signed by the plaintiff and the defendant themselves touching this sale and its terms. The defendant did not himself handle this cotton, but had it shipped to the plaintiff by Ralli Bros., of Montgomery, Ala. On June 3d, 1903, 200 bales, stated to be the aggregate weight of 98,377 pounds, and on June 13th, 1903, 100 bales, stated to be of the aggregate weight of 51,342 pounds. The plaintiff paid the defendant, on June 3d, 1903, $11,866.73, and on June 13th, 1903, $6,193.13, in payment of said 300 bales of cotton. For some cause the plaintiff became dissatisfied with the alleged weights of said cotton, and he caused the same to be reweighed between June 15th and July 1st, 1903, by Thomas Crabtree, without any notice to or direction from the defendant until the 30th day of June, when a notice was served upon the defendant of the loss in weight to the extent of 5,191 pounds, which after an allowance of three pounds on each bale to be made on account of difference in scales, made the net shortage 4,291 pounds. When this information reached the defendant it promptly gave notice that Ralli Bros. would be notified and would send their agent to reweigh all said cotton. W. M. Beale was sent by said firm on the day it received the notice and reweighed 134 bales of the 300 bales sold and delivered to the plaintiff. Mr. Beale

found that there was a lossage of five and thirty-eight one-hundredths pounds per bale. When Mr. Beale sought the other 166 bales to be weighed, he was informed by the plaintiff that, with Thomas Crabtree's assent, the plaintiff had already used the same. When the defendant was notified of the result of Mr. Beale's weighing the cotton, it sent to the plaintiff its check for $86.96 to settle the lossage per Mr. Beale's statement. The plaintiff refused to accept this check and returned the same to the defendant. Both the plaintiff and defendant admit that the contract between them was to be governed by the Interior Cotton Buyers' Association.

Thomas Crabtree was examined by the plaintiff as its witness, and admitted that he consented for them to use the 166 bales. W. M. Beale was examined by the defendant as its witness—during his examination he was asked, "Did Mr. Crabtree have any authority from the shippers of this cotton, to violate the rules?" After objection, the witness said, "We don't know Mr. Crabtree in the transaction at all." Now, the question for this Court is, was this testimony competent? It must be remembered that Mr. Crabtree had been allowed to testify at length, as to the weights of the 300 bales of cotton after it was received by the plaintiff, and also as to the permission he gave to the plaintiff to use the 166 bales. It became necessary to know if Mr. Crabtree's authority was admitted, and this witness answered this question in the negative. It seems to us that this testimony was admissible, because by the rules of the Interior Cotton Buyers' Association, by which the plaintiff had agreed to be bound, it was agreed that the defendant should have the right to reweigh if not satisfied. This exception, being the first, is overruled.

The second question, relating to the refusal of the Circuit Judge, of the plaintiff's motion for a new trial, will now be considered. This motion for a new trial was made on the minutes of the Court. It is admitted that if the Circuit

Judge finds that there is testimony on each side, relating to the issue, a question of the sufficiency of the testimony to support the verdict of the jury is entirely within the discretion of the Circuit Judge, and will not be reviewed by this Court; but if there is no testimony offered on certain issues, a question of law will be made, which will be the subject matter of an appeal to this Court. All questions relating to the creditability of witnesses and the inferences to be drawn from testimony, are questions for the jury. There were such issues in this case. Besides, the plaintiff introduced in testimony the invoices of the weights of these bales of cotton and attacked the weight of each bale. The plaintiff, by its conduct, in using the 166 bales, deprived the defendant of any right to investigate the weight of said 166 bales, which right the defendant sought to exercise.

We must state that we do not see how Mr. Crabtree could interfere with this right of the defendant. The only agency of his in the defendant's matters, was that relating to the sale. The defendant had asserted its right to contract for itself with the plaintiff and the plaintiff ratified such assertion. Under these circumstances, we do not see that the plaintiff has suffered any injury which this Court can repair.

It is the judgment of this Court, therefore, that exceptions two, three, four, five and six should be overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be and it is hereby affirmed.