## 8082

### STACK v. HAIGLER.

1. REFERENCE.—The report of a referee made *bona fide* in a case referred before his election as Judge is valid under section 295 of the Code, or it may be sustained as the acts of a *defacto* officer.

2. APPEAL.—The findings of the Circuit Court in a law case referred on the issues of title and fraud are not reviewable on appeal.

3. REFERENCE.—The provisions of section 294 of the Code, requiring referees to make their findings of law and fact separate, are merely directory. The proper practice in such cases is to recommit for the purpose of having the report put in the proper form.

4. IBID.—The remedy of a party to a cause in which the referee has not filed his report within sixty days after final submission is to notice the adverse party that he elects to end the reference. Where the delay is not attributable to the laches of a party, he should not be made to suffer by the Court's delay.

5. IBID.—Refusal of motion to recommit report to allow plaintiff to show loss of an agreement and to move for extension of time to produce receipts is not shown to have been prejudicial.

Before PRINCE, J., Orangeburg, May, 1911.    Affirmed.

Action by Wm. F. Stack against Angeline Haigler. Defendant appeals.

*Mr. Jacob Moorer,* for appellant, cites: *Form of finding of fact:* 7 S. C. 308; Con. 1895, art. V, sec. 9.   *Deed must be set aside because of unfair concealment:* 86 S. C. 580. *If there was a debt and the deed was to secure its payment the deed is a mortgage:* 45 S. C. 614; 52 S. C. 54; 55 S. C. 510; 54 S. C. 184.   *Fraud may be inferred from facts and circumstances:* 52 S. C. 479; 57 S. C. 110.   *This Court will take judicial notice of acts of the General Assembly:* 16 Ga. 217; 16 Ind. 275; 24 Pa. 131; 11 Wis. 470; 20 How. 227; 70 S. C. 114; 21 S. C. 392.

*Messrs. Moss & Lide,* contra, cite: *When deed may be declared a mortgage:* 31 S. C. 276; 55 S. C. 51; 52 S. C.

56; 55 S. C. 510. *Findings by the Circuit Court in a law case are final:* 78 S. C. 458; 77 S. C. 414; 67 S. C. 541; 87 S. C. 312, 360; 74 S. C. 527; 83 S. C. 214.

January 8, 1912.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  This is an action to recover the possession of a tract of land, containing about thirty acres.

The defendant denied the allegations of the complaint, and alleged that the deed, from the defendant to the plaintiff was fraudulent, and without moral or legal consideration.  The case was referred to a special referee, whose findings of fact and conclusions of law were in favor of the plaintiff.  The defendant filed exceptions to the report of the referee, but they were overruled and the report was confirmed, whereupon he appealed to this Court.

The first question that will be considered, is raised by the following exception:

"The Circuit Judge erred in overruling the following exception to the report of the referee: (1) Because the report herein is void for the reason that Hon. Robert E. Copes, referee herein, was at the time of filing the report herein, to wit, the first day of April, 1911, and for some time before that date, a duly qualified Judge of the Circuit Courts of this State, and as such Judge, he was without authority to file the report in this case: This was error because filing the report of a referee, is an official act of a referee, and when done by a Circuit Judge, it is in violation of article V, section 9 of the Constitution of 1895 of this State."

Section 9, article V of the Constitution provides, that "Judges shall not be allowed any fees or perquisites of office, nor shall they hold any other office of trust or profit, under this State."

Section 295 of the Code contains the provision, that "no Judge or Justice of any Court, shall sit as referee in any

action, in the Court of which he is a Judge or Justice, and not already referred, unless the parties otherwise stipulate." The words "and not already referred" were intended to apply to just such a case, as the one now under consideration. The question whether this provision is unconstitutional, was not urged on Circuit, and is, therefore, not properly before this Court for consideration.

There is another reason, why this exception cannot be sustained. His Honor, Judge Copes, unquestionably acted in good faith, and under a supposed authority to file the report, after his election and qualification as a Judge. In filing the report he was a *de facto* officer for that purpose, and, therefore, must be regarded as clothed with proper authority, to make the report. *Cromer* v. *Boinest,* 27 S. C. 346, 3 S. E. 847.

Those exceptions assigning error on the part of his Honor, the presiding Judge, in sustaining the referee's findings of fact, must be overruled for the reason, that the issue of title is legal in its nature, and the findings of fact thereon, are not reviewable by this Court. *Peoples* v. *Cummings,* 45 S. C. 107, 22 S. E. 730; *Peoples* v. *Warren,* 51 S. C. 560, 29 S. E. 2; *Johnson* v. *Jones,* 72 S. C. 270, 51 S. E. 805; *Gunter* v. *Fallow,* 73 S. C. 457, 59 S. C. 70.

The same principle is applicable to the issue of fraud, alleged in the answer. The court of equity has not exclusive jurisdiction in cases of fraud. *Miller* v. *Hughes,* 33 S. C. 530, 12 S. E. 419; *DuBose* v. *Kell,* 76 S. C. 313.

And, in an action to recover possession of land, when it is alleged that the deed of conveyance, upon which the plaintiff relies is fraudulent, it is not necessary to invoke the equitable aid of the Court, as a court of law, for the purposes of the issue then pending may declare the deed a nullity. *McKenzie* v. *Sifford,* 45 S. C. 496, 23 S. E. 622; *Griffin* v. *Ry.,* 66 S. C. 77, 44 S. E. 562; *Hodges* v. *Kohn,* 67 S. C. 69, 45 S. E. 102.

The next question for consideration is, whether the. Circuit Judge erred, in refusing to recommit the report of the referee, on the ground that the facts found and the conclusions of law, are not stated separately. This requirement of section 294 of the Code is merely directory, and the proper practice "was not to except because of the omission, but to move for a recommittal of the report, that it might be reproduced in the desired form." *Bellman* v. *Bellman,* 6 S. C. 29; *Charleston* v. *Cauldfield,* 19 S. C. 201.

Furthermore, as the findings of fact are not the subject of review by this Court, even if there was error, it was not prejudicial.

We proceed to consider whether there was error in refusing to set aside the report, on the ground that it was not filed within sixty days, after the reference was closed.

Section 294 of the Code provides that "Masters or references shall make and file with the clerks of the Courts of Common Pleas, of their respective counties, their reports within sixty days, from the time the action shall be finally submitted to them, and in default thereof, they shall not be entitled to any fees." Section 295 contains the following provision: "The referee or referees shall make and deliver a report, within sixty days from the time the action shall be finally submitted; and, in default thereof, and before the report is delivered, either party may serve notice on the opposite party, that he elects to end the reference; and thereupon the action shall proceed, as though no reference had been ordered, and the referees shall not in such case, be entitled to any fees." The defendant did not undertake to end the reference, by serving a notice to that effect, on the opposite party. Furthermore, where the delay is not attributed to the laches of a party to the action, he should not be made to suffer, by reason of the action of the Court, in

causing the delay. *State* v. *Fulmore*, 47 S. C. 34, 24 S. E. 1026.

The next question for consideration, is presented by the following exception:

"Because the Circuit Judge erred, in refusing defendant's motion to recommit the report of the referee, which motion was as follows: 'Defendant moves for leave to prove loss of the written agreement, between defendant and plaintiff in this action and the contents thereof, and also moves for leave and extension of time, to give notice to plaintiff's counsel to produce any and all receipts and papers in the case, that may be specified in said notice.' The refusal of this motion was greatly prejudicial to the defendant's cause, in that she was denied the right to prove, that she had paid the mortgage in question, and did not owe the amount as testified to by the plaintiff."

The appellant has failed to show, that there was an abuse of discretion on the part of the Circuit Judge and this exception is overruled.

Judgment affirmed.