8831

BANKS v. FRITH

(81 S. E. 677.)

APPEAL AND ERROR. EQUITABLE ISSUES. MORTGAGE. EVIDENCE.

1. An answer to a complaint for the possession of land conveyed by defendant to plaintiff which admitted the execution of a deed, but, alleged that it was intended as a mortgage, and not an absolute conveyance, raised an equitable issue, upon which the findings by the trial Court can be reviewed.

2. In an action for possession of land, where the defense was that an absolute deed was intended as a mortgage, evidence *held* not clear, unequivocal, and satisfactory that the conveyance was intended as a mortgage, and therefore not sufficient to sustain a finding that it was so intended.

Before SHIPP, J., Abbeville, October, 1913. Reversed.

Action by Beulah Y. Banks against W. H. Frith. Judgment for defendant and plaintiff appeals.

The issues are stated in the opinion of the Court, as follows:

In order to understand this case, it is well to set out the complaint and answer.

The complaint is as follows:

"The plaintiff above named, by her attorney, Wm. N. Graydon, complaining of the above named defendant, alleges:

"I. That on the twenty-first day of November, 1904, the defendant made, executed, and delivered to the plaintiff, whose maiden name was Yarborough, for and in consideration of the sum of five hundred dollars to him paid by the plaintiff, a deed in fee simple, with general warranty, to the following described tract of land, to wit: 'All that tract or parcel of land, situate, lying, and being in Cedar Springs township, Abbeville county, in the State aforesaid, containing one hundred acres, and bounded by lands of J. R. Thorn-

ton, A. K. Watson, Larkin Frith, and others—the same being the east side of my home place upon which my residence is situated.'

"II. That this plaintiff, being at that time unmarried, did not demand exclusive possession of said land, but lived on it with the defendant, and continued to reside there the most of the time, until her marriage in June, 1911.

"III. That for the year 1912 the said defendant agreed to pay this plaintiff rent for said tract of land, which is reasonably worth two hundred and fifty dollars per year, but said defendant has failed and refused to pay said rent to this plaintiff. That the land of the plaintiff, from which this one hundred acres was cut, consisted of about one hundred and ninety-two and one-half acres, but the line between the defendant and the plaintiff has never been surveyed in accordance with said deed, and, when this plaintiff demanded that said land be run off to her, the defendant would not allow the line to be run north and south, so as to give the plaintiff the land she bought on the east side of said place, but attempted to run said line east and west, which does not give the plaintiff the land she bought.

"IV. That this plaintiff has demanded possession of said land, and demanded that the line be run so as to give her the land which she bought, but the defendant has refused to surrender possession of said land, and refused to allow the line to be run, as called for by plaintiff's deed.

"V. That this plaintiff has been damaged by wrongful withholding of said land in the sum of two hundred and fifty dollars.

"Wherefore, the plaintiff demands judgment against the defendant:

"(1) That the Court order that one hundred acres of said land be surveyed by a surveyor appointed by this Court, on the east side of said tract of land, as called for by plaintiff's deed.

"(2) That the plaintiff have judgment for the possession
of said one hundred acres of land, and two hundred and
fifty dollars, her damages for such withholding.

"(3) For the sum of two hundred and fifty dollars, rent
for the year 1912.

"(4) For such other and further relief as to the Court
may seem to be just and proper, and for the costs and dis-
bursements of this action."

The answer of the defendant is as follows:

"The defendant above named, answering the complaint
herein, respectfully shows to the Court:

"I. Admits so much of the plaintiff's complaint as alleges
the execution of the deed therein described, but he denies
the same was in fee simple, or that it was intended thereby
to convey to the plaintiff the fee-simple title in the said
tract of land. On the other hand, he alleges that the
deed was made for the purpose of securing the sum of five
hundred ($500.00) dollars, then due the plaintiff by the
defendant, and the understanding and agreement of the
parties was that the said deed should be held as a mortgage
to secure the repayment of the said sum of five hundred
($500.00) dollars, and that, when the said debt was paid,
the said deed was to become null and void.

"II. The defendant denies each and every other allega-
tion of the plaintiff's complaint.

"Further answering this complaint, this defendant alleges:

"III. That about November 1, 1904, the defendant herein
borrowed from the plaintiff the sum of five hundred
($500.00) dollars, money which she had received from a
settlement of her mother's estate, and, in order to secure
the repayment thereof, this defendant executed to the plain-
tiff the deed described in paragraph I of the complaint
herein under an agreement by and between the plaintiff
and the defendant by which the said deed was to be held
simply as a security of the said indebtedness, and this

defendant alleges that it was not intended thereby to convey a fee-simple title to the said tract of land.

"IV. The defendant further alleges that since the execution of the said deed he has paid the plaintiff, as interest on the said debt and sum of money and as part payment of the principal, the sum of three hundred seventy-seven and 72-100 ($377.72) dollars, which amount was paid as follows: 1907, forty-four ($44.00) dollars; 1908, forty ($40.00) dollars; 1909, fifty ($50.00) dollars; 1910, forty ($40.00) dollars; 1910, fifteen ($15.00) dollars; 1911, sixty-three ($63.00) dollars; 1912, ninety and 72-100 ($90.72) dollars; 1912, twenty-five ($25.00) dollars. The defendant further alleges that the plaintiff is indebted to him for rent of another tract of land for the year 1912, in the sum of one hundred and twenty-five ($125.00) dollars, which sum he pleads as set-off and counterclaim to the amount due by him to the plaintiff herein.

"V. This defendant further alleges that he has offered several times to pay to this plaintiff the balance due her on the said loan, and that he is still ready and willing to pay the same to the plaintiff, but the plaintiff herein, since her marriage, has demanded the possession of the said tract of land described in the complaint, in violation of the agreement between the parties, and that he has refused to give the same to her.

"VI. This defendant further alleges that at the date of the execution of the said alleged deed the land described therein was worth at least the sum of two thousand ($2,000.00) dollars, and since the execution thereof neither the plaintiff nor any one for her every (*sic*) paid the taxes thereon or returned the same for taxation, nor rented the same, nor attempted to collect any of the rents thereof, but, in recognition of the said agreement between the parties, the plaintiff herein has held the said deed as a mortgage, and from time to time has collected interest thereon until after her marriage, when, for the first time, she

attempted to violate the said agreement, and attempted to return the said premises for taxation in her own name and get possession of the said premises from the defendant herein, contrary to the agreement between the parties.

"Wherefore defendant prays:

"(1) That the complaint herein be dismissed with costs.

"(2) That the deed described in the complaint be declared to be a mortgage to secure the indebtedness existing at the date of the said deed and thereafter, and that the Court will order an accounting of the amount, if any is due on the said mortgage debt, to the end that the defendant herein may pay the same to the plaintiff, and that the said deed be delivered up upon the said payment for cancellation.

"(3) That defendant herein have any other relief as to the Court seems equitable and just."

All issues of law and fact were referred to R. E. Hill, Esq., master for Abbeville county, who found for the plaintiff on all issues except as to rent. The cause was heard on Circuit by Judge Shipp, who reversed the findings of the master, and found that the deed set up in the pleadings was a mortgage, and ordered foreclosure. From this judgment the plaintiff appealed on twenty-two exceptions. These exceptions raise but two questions: (1) Was the deed a mortgage? (2) Is appellant entitled to rent?

*Mr. Wm. N. Graydon,* for the appellant, cites: *No presumption from possession being unchanged:* 34 S. C. 416; Code Civ. Proc. 126. *Proof necessary to show absolute conveyance a mortgage:* 3 Pom. Eq. Juris., sec. 1196; 3 Rich. Eq. 153; 52 S. C. 54; 41 S. C. 163; 45 S. C. 33; 54 S. C. 184; 55 S. C. 51; 66 S. C. 85; 61 S. C. 575; 88 S. C. 318; *Bass* v. *Bell,* 64 S. C. *Essentials of a mortgage:* 31 S. C. 276; 3 Pom. Eq. Juris. 1195.

*Mr. D. H. Hill,* for respondent, cites: *Burden of proof:* 54 S. C. 191; 70 S. C. 67; 41 S. C. 163; 52 S. C. 54; 6

Peters 629; 53 S. C. 19; 50 Am. Dec. 193. *Indicia of possession:* 20 Am. & Eng. Enc. of L. (2d ed.) 95; 12 Am. Rep. 671. *Essentials of mortgage:* 12 Am. Rep. 671; 1 Sug. Vendors (8 Am. Ed.) 302; 43 S. W. 437; 40 S. W. 101; 17 S. W. 323; 20 So. 614; 22 Pick. 526, 530; 4 Pick. 349; 14 *Ib.* 467, 478; 12 How. 139; 1 Sandf. Ch. 56; Story's Eq. 239, 245; Kerr, Fraud and Mistake, 186; 5 Binn. 99. *Presumption from unchanged possession: Cotterell* v. *Purchase:* Cad. Temp. Talbort 61; 4 DeGex & Jones 16; 7 Cranch 218; 2 Woodb. & Min. 426; 102 Ill. 442; 80 Am. Dec. 675; 18 N. W. 569; 20 So. 164; 53 S. C. 18; 42 Ill. 453; 45 Atl. 207; 19 So. 41; 77 Ill. 84. *Laches:* 58 N. E. 1053; 12 How. 154; 50 S. C. 174.

*Mr. Wm. P. Greene,* also for respondent, cites: *Action was for recovery of possession of land, and findings of fact are not reviewable:* 51 S. C. 560; 72 S. C. 287; 77 S. C. 414; 53 S. C. 45; 58 S. C. 1; 90 S. C. 320; 13 N. W. 743. *The Courts of law and equity had concurrent jurisdiction:* 3 Mich. 211; 34 Am. Dec. 211; 48 S. W. 999; 31 S. C. 141. *Indicia from possession, etc.:* 20 A. & E. Enc. of L. 938.

April 28, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER (after making the foregoing statement of issues):

The respondent raises a question as to the jurisdiction of this Court to pass on the facts, and claims that this is an action at law, and the findings of the Circuit Judge are not reviewable in this Court. This question must first be determined. The plaintiff claims the right to possession under a deed from the defendant absolute on its face. The defendant admits the execution of the deed, but claims that, by virtue of a parol agreement, the deed is to be construed as a mortgage, and asks the Court to so find. The defendant does not deny the execu-

tion of the deed, or claim that it is a nullity for fraud or
any other cause.    He asks that his absolute deed be declared
a mortgage.    This is an equitable issue that must first be
determined.

The recent case of *Williams* v. *McManus,* 90 S. C. 493,
73 S. E. 1038, says: "It is undoubtedly true that a deed
which appears on its face to be an absolute conveyance may
in equity be declared to be a mortgage, if the evidence be
sufficient to show that such was the intention of the parties,
yet it is equally true that the presumption is that the deed is,
what on its face it purports to be, an absolute conveyance,
and, to establish its character as a mortgage, the evidence
must be clear, unequivocal, and convincing; for otherwise
the natural presumption will prevail.    3 Pom. Eq. Jur.,
sec. 1196; *Arnold* v. *Mathison,* 3 Rich. Eq. 153; *Petty* v.
*Petty,* 52 S. C. 54, 29 S. E. 406."    The first issue in the
case was: Was that deed intended as a mortgage?    This
raised an equitable issue first to be tried, and this Court has
jurisdiction.    When a Court sends a case at law to a master,
is it the master or the Judge who represents the jury?

I.    The first question is: Is the evidence "clear, unequiv-
ocal, and convincing" that this absolute deed was given as
a mere security for a debt?    We think not.    The learned
Judge who tried the case based his judgment, overruling the
master, on three grounds:

(a) "The plaintiff said she had loaned the money and
taken security."    The plaintiff denied this.    It is true the
defendant had several witnesses to plaintiff's one.    In a
case of this sort, the appearance and conduct of the wit-
nesses is an important consideration.    The master saw them,
and the Judge did not.  ·  The case shows several things
that prevent the testimony of the many witnesses from pro-
ducing conviction.    They state things from which a mort-
gage is to be found, but do not use the word "mortgage."
The most common word is "mortgage," and yet they all
avoid it.    They say that Mrs. Banks used these words time

and again. The witnesses were of the family of the defendant. There were disinterested witnesses at the time of the execution of the paper, and disinterested witnesses who talked with the parties afterwards, and not one of them heard of the transaction as a loan, security, or mortgage, or anything to indicate that an absolute conveyance was not intended. It is true defendant asked for a loan, and this is a circumstance that tends to show a mortgage; but is not conclusive, and it loses much, if not all, its force under the plaintiff's explanation. She said: "I did not want to do that, as I might need a home some day, and didn't think it would be wise in me to sell my land and lend out the money. He said if I would sell the land he would sell me a part of his land."

The old rule in a Court of Chancery was not to allow the conversion of land into money, in matters within its control, except upon great necessity. If the plaintiff was in bad health, it was wise for her to want a home and enough to save her from the necessity of living on charity. The defendant had raised her, and admits affection for her as if she were his daughter. The defendant was a widower with no legitimate child to provide for, and, whether wise or unwise, people who are getting old too frequently turn their property over to their children and afterwards repent. In his answer he claimed to have paid her interest and a part of the principal in sums too small for safe investment. There is a significant absence of these payments in his testimony. His wife testified: "I heard Mr. Frith say to Beulah on their return home from Abbeville: 'Now, Beulah, I have given you a deed to 100 acres of land for your $500, so that, if anything should happen to me, you could not be knocked out of it.'" (Mr. and Mrs. Frith were married subsequent to the date of the deed.) What did that mean? The defendant had that day paid one mortgage and executed another. He knew the difference. He had given to his adopted daughter that day a deed. The intention that day

governs. The grantor that day said: "I have given you a deed * * * so that if anything happens to me, you could not be knocked out."

The case does not show that Mrs. Banks was present at the execution of the deed, and nothing was said to them or to the friend at home about security. If the intention of the parties was to secure a debt, it is difficult to understand why an absolute deed was used to secure one debt and a mortgage given for the other. This is unexplained, and unexplained is fatal. We do not think the testimony is sufficiently "clear, unequivocal and convincing."

(b) "There was no change of possesssion or payment of rent." As both plaintiff and defendant lived on the premises, it is not clear what change of possession was requisite. The man on the premises would probably have managed the business, whatever the nature of the deed. As to payment of rent, the defendant cannot plead his own wrong or take advantage of her leniency. The proceeds of the place seem to have gone to the support of the family, and it was only natural that the man should have handled it and dealt with the tenants.

(c) "Tax return." It is also natural that the man should have made the return, and, if she trusted him to make the return, he certainly could not revoke his deed by making the returns in his own name. He paid the taxes, but he collected the rents, and it was his duty to pay the taxes.

1. Besides this, the grantor had the deed prepared, and the record does not show that the grantee was present. There is no suggestion in pleading or evidence of fraud or mistake. There is no reason suggested for the giving of an absolute deed, unless an absolute conveyance was intended.

2. The defendant had a plat made of 100 acres. Why make a plat when the conveyance was a mere security for a debt, which he expected to pay? Why should the mortgage cover 100 acres, instead of 195 acres? If the deed was a

mere security which the grantor expected to pay, and the grantor was not "cramped for money, and never had been," why not include the whole tract? The grantor had the plat made and made for Mrs. Banks.

3. The advertisement was dictated by Mrs. Banks, it is true, but it stated that 100 acres belonged to Mrs. Banks and 95 acres to Mr. Frith. It was taken down in writing and Mr. Frith was present. Mr. Percival, a disinterested witness, said: "Mr. Frith agreed to that, and said part belonged to him and part belonged to Mrs. Banks." The deed was in writing; the plat was in writing, and the advertisement was written. All the writings in the case give to Mrs. Banks the land, and not a mere security.

It puts it mildly to say the proof that the absolute deed was intended as a mortgage is not "clear, unequivocal and convincing."

II. The appellant did not prove that there was an agreement to pay rent by the preponderance of the evidence, and cannot recover rent.

The judgment of this Court is that the judgment appealed from is reversed, and the case is remanded to the Circuit Court, that proper proceedings may be had to lay off the line between the plaintiff and the defendant.

MR. CHIEF JUSTICE GARY concurs.

MR. JUSTICE HYDRICK, *concurring.* I concur in the finding that the deed was not intended as a mortgage; but I think plaintiff is entitled to recover the rental value of the land from the date of her demand for possession thereof. Having held that the land was hers, and that she was entitled to possession thereof, I do not see how the Court can deny her the right to recover the rental value thereof from the date of her demand for possession. No agreement to pay rent was necessary. The law imposes the payment of it as the proper measure of damages for unlawfully withhold-

ing the possession from her. She demanded possession in December, 1912, and I think she is entitled to recover the rental value of the land from that time.

MR. JUSTICE WATTS. I concur, but agree with Mr. Justice Hydrick that plaintiff is entitled to rent as indicated by him.

MR. JUSTICE GAGE, *dissenting*. I cannot agree with the majority.

First. The complaint stated a case at law for the recovery of specific real property. The answer denied plaintiff's assertion of title. That made a case at law, and for trial by a jury. Code of 1894, sec. 274. It is true the answer contained other allegations; but that is allowable. Code of 1894, sec. 171. The parties waive trial by jury, as they have a right to do. Code of 1894, sec. 288. The judgment of a Judge, substituted for that of a jury, may not be reviewed here, in a case like this. *Stack* v. *Haigler*, 90 S. C. 320, 73 S. E. 354.

Second. On the facts if reviewable, the judgment below is right. The justice of the case is with defendant. The land in issue was worth, at the making of the deed, $2,500; there is no denial of that by anybody. The plaintiff demands it for $500. The defendant was then an old man past 70 years of age, and unable to read or write. The plaintiff was young and somewhat literate. The land in issue is the seat of defendant's only residence, where he has lived for more than forty years. The defendant was pressed for money when the $500 was advanced; the receipt of it and the execution of the deed was not spontaneous. The plaintiff never exercised acts of ownership and dominion, nor did she ever pay taxes on the land. The plaintiff admitted to three or four persons that the transaction was a loan and not a sale.

It is true defendant has married since the transaction; and it is also true the plaintiff has done likewise. It is true the defendant has done some things inconsistent with his present claim; but he has done more things consistent therewith.

The proof satisfies me that the transaction did not amount to a sale, but to a mortgage. That conclusion loses the plaintiff nothing; the contrary conclusion loses the defendant all.

I think the judgment below ought to be affirmed.