

J.H.Tucker,Appellant.

vs

No.8900

Mehle Live Stock Commission Co.

Charles F.Claiborne,Judge.

April 16th 1923

Court of Appeal
PARISH OF ORLEANS
Apr 16/23.

J.H.Tucker,Appellant.

vs

No.8900

Mehle Live Stock Cimmission Co.

Charles F.Claiborne,Judge.

This is a suit on a draft drawn against a consign-ment of cattle.

The plaintiff Tucker alleged that he sold to J.D. Neeley certain cattle for the price of $696.10 ; that the said Neeley gave him in payment of said cattle a draft drawn by himself on the Mehle Live Stock Commission Company for a like amount of $696.10 payable to the order of petitioner,Tucker ; that the said Neeley shipped said cattle to the Mehle Live Stock Commission Company for sale; with instructions to pay the above mentioned daraft draft of $696.10 out of the proceeds of the sale of said cattle;that the Mehle Live Stock Commission Company sold said cattle for account of Neeley;but,in disregard of his instructions to them,credited the proceeds of sale to a debt due to them by Neeley,and refused to pay the draft;that the Mehle Live Stock Commission Company knew before it sold said cattle that the draft of $696.10 had been executed in payment or the cattle purchased by Neeley from petitioner Tucker,and that it would be presented to them for payment.

The plaintiff prays for judgment against the defen-dant for the amount of the draft.

The defendant file _ plea of no cause of action, which was sustained and the plaintiff has appealed.

A commission merchant or factor is an agent to sell and must execute his mandate as a whole as he is instruct-ed 4 .lliott p.94 S 2906 Story Agency S.189-190-192 . He cannot accept a part and reject another.Such has long since been the jurisprudence of this State.

312

Our learned brother of the City Court has evidently overlooked the allegation in the petition that Neeley shipped the cattle to the defendants with instructions to pay the draft sued on out of the proceeds of sale of the cattle,and that the defendants had notice of said draft.

In Farmers' Bank vs Franklin 1 A 393,(1846) the Supreme Court said :

"Where merchandise is shipped to a factor,with directions to sell it,and apply the proceeds to the payment of a bill drawn by the owner in favor of the shipper,the factor who receives the consignment is bound to comply with the conditions upon which it was delivered to him.He cannot apply the proceeds to the payment of any debt due to himself by the owner."

In 2 A 572 :" Consignees,who accept a sonsignment, are bound to obey the directions of the consignor,made at a time when the property was under his control,as to the appropriation of them proceeds."

In 10 A 782: " We consider it well settled,under our jurisprudence,that a factor in accepting a consignment is bound to comply with the conditions imposed upon him by his principal in relation to the appropriation of the proceeds."

In 13 A 551 : " There are two classes of cases in which cerditors of a consignor cannot attach merchandise or its proceeds in the hands of the consignee.In the first the consignments are made with express instructions to pay the proceeds to a third party,and the stipulation in favor of the 3rd party is accepted by him xxx In the first ~~class~~ of cases,the obligation to pay is a part of the original contract,and gives to the third party a right of action against the consignee for the proceeds of sale." C.C.1890#1884 )

In 14 A 494 :" If the consignor inserts in the bill of lading forwarded to his factor that he has drawn a bill aginst the shipment,the factor receives the consignment with

313

notice,and is obliged to pay the bill to the transferee thereof,
even if the consignor is indebted to the factor for a larger
amount than the proceeds of the goods consigned."

In 30 A 945 :There can be no doubt of the correct-
ness of the general proposition that a consignee who accepts
a consignment with the advice and notice that the consignor
had drawn on him for a stated amount against the goods consigned
impliedly promises to accept and pay the draft,and on refusal
may be sued as for breach of contract."
See Also: 18 M.702-4 N.S.667-18 La 321-4 R 440-5 A 47-85-7 A 335
10 A 377-551-11 A 355-410-13 A 282-512-25 C.J. p.412 S 144-14
S.R.397-29 S.E. 2 .

It is therefore ordered that the judgment of the
District Court maintaining the exceptions of no cause or right
of action be reversed and set aside,and that this case be remand-
ded to the District Court for trial on the merits and in accor-
dance with the views herein expressed;costs of appeal to be paid
paid by the defendant and appellee,and costs of the District
Court to await the final decision of the case.

Judgment reversed and remanded.

April 16th 1923 .