13777

O'BARR v. PIONEER LIFE INS. CO.

(172 S. E., 769)

Before RAMAGE, J., Anderson, March, 1932.

*Mr. Leon W. Harris,* for appellant,

*Messrs. Watkins '& Prince* and *Mann & Plyler,* for respondent,

February 14, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

This action was brought in the Court of Common Pleas for Anderson County on March 3, 1932, and by it the plaintiff sought a recovery from the defendant of the sum of $1,000.00, as disability, under a policy of insurance. The answer of the defendant set forth that certain statements of the plaintiff in his application for insurance were incorrect and erroneous and that by reason thereof the defendant was misled into issuing the policy. It further denied liability and urged that the contract for insurance be canceled.

Testimony was adduced for both plaintiff and defendant, and at the close of the testimony the defendant made a motion for a directed verdict. The motion was made upon the following ground: "On the ground that the undisputed evidence shows, and all of the evidence is susceptible of but one reasonable conclusion, that the plaintiff made mistatements constituting representations in his application for insurance which were material and which plaintiff knew or reasonably believed would influence the insurer in entering

into the contract of insurance and by reason of such representations as to his then and previous health and as to his being attended by doctors for serious physical ailments, rendered the policy void from its inception."

In passing upon the motion, Judge Ramage said:

"Mr. Mann, my mind inclines to agree with you, but I am going to take the verdict of the jury and reserve the right, if I am still of the same opinion when the verdict is rendered, to set aside the verdict and direct a verdict for you. I will take the verdict of the jury, however, I am inclined to agree with you right now, but I had rather take the verdict of the jury.

"Now it is understood, Mr. Harris, I am going to let it go to the jury, with the right, if I conclude if it's necessary, that I can set aside the verdict of the jury and direct a verdict at that time."

We look to the "statement" appearing in the transcript for further information, and there find that the jury returned a verdict for the plaintiff and that the defendant made a motion for a new trial "for the reason that defendant alleged incorrect statements were made in the insurance application card." The motion was granted and judgment entered.

The order of the Circuit Judge granting the motion for a new trial does not appear in the record, and we have no way of knowing what it contained. Did he grant it upon a question of law or upon a question of fact? If upon a question of law, this appeal can be entertained by this Court, but not if upon a question of fact. The respondent insists that only a question of fact was passed upon, and judging by the record before us and the wording of the exceptions, we think this must be correct. In addition to this, we cannot presume error on the part of the Circuit Judge or that he abused his discretion. The presumption in these matters is all the other way.

The respondent insists that the appeal should be dismissed upon the ground that an order granting a new trial based upon a question of fact is not appealable. The following cases fully sustain that position: *Watson v. Paschall,* 100 S. C., 281, 84 S. E., 531; *Revolution Cotton Mills v. Union Cotton Mills,* 73 S. C., 43, 52 S. E., 674; *Peoples v. Werner,* 51 S. C., 401, 29 S. E., 2; *Miller v. Atlantic Coast Line,* 95 S. C., 471, 79 S. E., 645; *Snipes v. Davis,* 131 S. C., 298, 127 S. E., 447.

Appeal dismissed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.