## HODGES v. KOHN.

BANKRUPT—FRAUD—DEBTOR AND CREDITOR—EQUITY.—The remedy at law being adequate, it was not necessary for trustee in bankruptcy to resort to aid of court of equity to determine whether vendee of bankrupt had reasonable cause to believe that bankrupt transferred the stock of goods to him intending to give him a preference over all his other creditors, and this Court cannot review the findings of fact of the Circuit Court.

Before Watts, J., Greenville, October, 1903.　Affirmed.

Action by Oscar Hodges, trustee in bankruptcy, against
A. H. Kohn and G. H. Feagle.　From Circuit decree, plain-
tiff appeals.

*Messrs. Earle & Beattie,* for appellant, cite: 3 Am. Bk. R.,
245; Loveland on Bank., 471; Lowell on Bank., 79; 5 Fed.
R., 287; 17 N. B. R., 498; 104 U. S., 319; 13 Wall., 40; 98
Fed. R., 587; 95 U. S., 342; 13 Wall., 584; 103 U. S., 293;
3 Am. B. R., 238; 5 *Ib.,* 775; 64 S. C., 457; 1 B. R., 169; 3
B. R., 139, 95; 5 B. R., 257; 16 Wall., 577.

*Messrs. McCravy* and *Hunt Bros.* and *M. F. Ansel,* con-
tra.　The former cite: 64 S. C., 457.　The latter cites:
Black. on Bank., 205; 103 U. S., 293; 62 S. C., 353; 102
F. R., 742; 20 Wall., 414; 108 U. S., 74; 182 U. S., 447;
97 U. S., 80.

July 9, 1903.　The opinion of the Court was delivered by

Mr. Justice Gary.　The nature of this action is stated in
the judgment of the Circuit Court, which is as follows:
"This is an action brought by the plaintiff, as trustee in bank-
ruptcy of George H. Feagle, to recover from the defendant,
Kohn, certain goods, or the value thereof, sold by the said
George H. Feagle, bankrupt, to the defendant, Kohn, within
four months before adjudication of bankruptcy, on the
ground that said sale was illegal and a preference under the
United States bankrupt act of 1898."　After quoting at
length from the case of *Sirrene, Trustee,* v. *Stover Marshall
Co.,* 64 S. C., 457, the Circuit Judge concludes as follows:
"I content myself with this one authority, as it is the last case
on the subject from our own Supreme Court, and binds me,
and, I might add, is in accord with my own views of the law
on the subject.　Going, therefore, to the facts proved, I do
not find that the evidence comes up to the requirements of the
rule stated above sufficiently to set this sale aside; on the

contrary, I find that the plaintiff has not proven any facts sufficient to show that the defendant, A. H. Kohn, had reasonable cause to believe that the bankrupt, Feagle, intended to give him a preference in the sale made. The plaintiff having alleged that the facts stated in his complaint were sufficient to set the sale aside, it is incumbent on him to prove the same. This he has failed to do even by his own evidence, and the defendant on his part swears that he knew nothing from which it could be deduced that he had such a knowledge of facts as to induce him to believe that the bankrupt intended to give him a preference. It is also shown that said Feagle had no idea when he sold the goods to Kohn, of going into bankruptcy, and only did so on the advice of his own counsel several days after the sale. Being of opinion that the plaintiff has not made out his case as the law requires, it is ordered, that the complaint be, and the same is hereby, dismissed with costs."

The exceptions involve only questions of fact. It is, therefore, important to determine the nature of the action, and the issues raised by the pleadings; for if the issues are equitable, it is the duty of the Court to review the findings of fact; whereas, if the issues are legal, this Court has no such power. The action, as stated by the Circuit Court, is to recover certain goods, or the value thereof, sold by the bankrupt, Feagle, to the defendant, Kohn, on the ground that said sale was illegal, and a preference under the bankrupt act. It is erroneous to suppose that the Court in all cases has jurisdiction of fraud, only when exercising its equitable powers. Mr. Pomeroy, in sec. 911, vol. 2, of his philosophical work on Equity Jurisprudence, thus states the fundamental principles concerning the equitable jurisdiction: "(1) Where the primary right or interest of the plaintiff is equitable only, the jurisdiction is necessarily exclusive, and will be exercised without regard to the nature of the relief; otherwise the party would be without remedy, since courts of law could not take cognizance of the case. (2) Where the primary right is legal and the remedy sought is purely equitable,

the jurisdiction is also exclusive and always exists, but will not generally be exercised if the legal remedy which the party might obtain is adequate, complete and certain.   (3) Where the primary right is legal and the remedy is also legal, a recovery of money simply, or of the possession of chattels, the jurisdiction is concurrent, and only exists where the remedy which the party might obtain at law is not adequate."

The case of *Moore* v. *Edwards*, 1 Bailey, 23, involved the question whether a court of chancery alone could relieve a party from mistake.   The Court thus states the rule: "Accidents and mistakes certainly constitute one branch of equity jurisdiction; but it is not peculiar except when a discovery is indispensible, or the nature of the relief such as to require the extraordinary aid of chancery.   Actions at law to recover back money paid by mistake, constitute in all the books of practice a conspicuous class of causes for which the action of assumpsit may be maintained at law; and there is no question that in general, when the facts can be proved according to the rules of the common law, and the remedy is such as a court of law can administer, consistently with the prescribed modes of proceeding, mistakes may be inquired into in a court of law.   In the case under consideration, the plaintiff sued out a *sci. fa.* to revive a judgment against the defendant, and as evidence of payment the defendant produces an execution on which is indorsed the word 'satisfied;' the plaintiff replies it was so indorsed by *mistake*.   There is nothing magical in the term itself.   The evidence offered was admissible according to the rules of the common law; the relief was such as a court of common law was competent to give, and the Court, therefore, clearly had jurisdiction."

In *Gregory* v. *Ducker,* 31 S. C., 141, the action was to recover the possession of two horses.   One of the defenses interposed by the defendant was that he purchased the property for valuable consideration without notice of the mortgage under which the plaintiffs claim.   The Court said: "The action was an action at law, pure and simple, and the first defense—the general denial—was clearly of the same charac-

ter.   As to the second defense, while it may be true that the plea of purchaser for valuable consideration without notice, may ordinarily be said to rest upon equitable principles, yet when, as in this case, it rests upon the express provisions of the recording acts, it seems to us that it must be regarded simply a legal issue.   Under our registry act a mortgage not duly recorded is practically null and void—is no mortgage—so far as subsequent creditors or purchasers are concerned, and this is so without inquiry into the equities between the parties, but simply as a matter of express statutory enactment.   Hence, where, as in this case, a party seeks to recover possession of personal property, claiming through a mortgage, if the defendant undertakes to defend by showing that he is a subsequent purchaser for valuable consideration without notice, his defense does not rest upon any equitable principle, but upon his legal rights as declared by statute. He assails the validity of the mortgage just as if he had undertaken to show that the mortgage was a forgery, or that if had been rendered void by an alteration, or in some other way.   We do not think, therefore, that the second defense set up in the answer, presented any features of equitable cognizance, but raised simply a legal issue."

What was said as to rights arising under the recording acts, is equally applicable to the bankrupt act.   In *Maddox v. Williamson,* 1 Strob. L., 23, the Court says: "An assignment no more than a deed can, in a Court of law, be set aside and cancelled; but when either deed or assignment comes into question in an issue here, it will, if fraudulent and void, be for the purposes of that issue regarded as a nullity."   The principle is thus stated in *McKenzie* v. *Sifford,* 45 S. C., 496 : "Under the practice prevailing in this State before the adoption of the Code of Procedure, even in a *law* case, the Court had the right, when an instrument of writing was introduced in evidence, although it was not mentioned in the pleadings, to declare it null and void, in so far as that action was concerned."

It was not necessary to resort to the aid of the Court in the

exercise of its equitable jurisdiction to determine whether Kohn had reasonable cause to believe that Feagle, in transferring the stock of goods to him, intended to give him a preference over all other creditors. The remedy at law was adequate for that purpose. Therefore, this Court is without jurisdiction to review the facts found by the Circuit Court.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.