## 9331

### HARRIS v. HARRIS *ET AL.*

(88 S. E. 276.)

1. EVIDENCE—PAROL EVIDENCE—CONDITIONS.—Plaintiff sold land under an agreement that he should have the right to have the premises surveyed within 10 or 15 days from sale, and that he should receive compensation for any acreage in excess of that called for by the deed.  He failed to have the premises surveyed for a number of years, and then contended that he was entitled to recover for the excess acreage shown by a survey then made, while defendants asserted that time was the essence of the contract for the survey, and that through mistake such provisions were omitted.  *Held,* that testimony that in agreeing upon the contract defendants consented to the survey only on condition that it be made within the stipulated time was admissible.

2. VENDOR AND PURCHASER—ACTIONS—INSTRUCTIONS.—In such case, a charge that every one is required to take advantage of his rights at the proper time, and that neglect to do so will constitute a waiver, was not prejudicial to the rights of plaintiff.

3. VENDOR AND PURCHASER — ACTIONS — EVIDENCE — INSTRUCTIONS. — Plaintiff sold land under an agreement, providing that it should be surveyed within 10 or 15 days, and that if the acreage was greater than shown by the deed, plaintiff should receive additional compensation.  After several years' delay a survey was made which disclosed acreage in excess of that called for by the deed.  Plaintiff claimed compensation, while defendants contended that a survey within the time fixed was a condition to any recovery, but through mistake the contract did not make time of the essence of the agreement.  The Court charged that if plaintiff knew defendants bought the land for the purpose of resale, and that after a lapse of time fixed in the contract for a resurvey plaintiff knew defendants were

about to resell the land, and he remained silent when he should have spoken, he could not dispute that the acreage was correctly set forth in the deed. *Held,* that the instruction was correct.

Before WILSON, J., Pickens, April, 1914.    Affirmed.

Action by T. D. Harris against J. F. Harris and others. From a judgment for defendants, plaintiff appeals.

The exceptions are as follows:

The plaintiff appeals to the Supreme Court from the judgment entered upon the verdict in this case upon the following grounds:

1. Error of the presiding Judge in admitting, over the plaintiff's objection, the following testimony of the witness (defendant), John F. Harris: "Q. I want you to tell your connection with T. D. Harris.   A. Well, we agreed upon the terms of the contract.   Q. What were they?   A. The terms of the contract were that he wanted us to give him sufficient time to have the land resurveyed; that he thought there was over 144 acres there.   And I asked him how much time he wanted, and he said 10 or 15 days, and we agreed to that.   I told him that would be all right; that is, provided that would be the end of it.   And we agreed to put that in writing, and that contract is the result of that agreement. He wrote the contract himself.   Q. Well, now, how did you happen to agree on 10 or 15 days?   A. That was the time he asked me to agree to give him to resurvey it. * * * A. Then I took the contract and went around to the Keowee Bank, in front of that building right over there, and handed it to Mr. M. C. Smith, and he signed it.   Mr. Smith asked me what it was, and I told him it was giving T. D. Harris 10 or 15 days in which to have that land resurveyed.   Q. You told who that?   A. M. C. Smith.   Mr. Smith just pulled it in the bank, signed it, and handed it back to me. Q. What did that 10 or 15 days have to do with it?   A. It

was the limit he had asked to be given in which to resurvey the land."

Specification: (a) Said testimony tended to vary the terms of the written contract. (b) All previous conversation is presumed to have been merged in the written contract.

2. Error of the presiding Judge in charging the defendants' third request, which was as follows: "It is required of every one to take advantage of his rights at a proper time, and the neglect to do so will be considered a waiver."

Specification: (a) One seeking to have a contract declared abandoned upon the ground of delay of the other party in asserting his rights thereunder must show such wilful and intentional delay, or such unreasonable and unexplained delay, as will evince the intention of the party delaying to treat the contract as at an end, or that the delay has caused such damage or change of situation to his prejudice as will render the enforcement of the contract inequitable or unjust. The charge was inconsistent with this principle. *Reid* v. *Mix,* 63 Kan. 745, 66 Pac. 1021, 55 L. R. A. 706. (b) The question of waiver or abandonment is one of fact, to be determined by all the circumstances of the case, including the knowledge on the part of the party of his rights; his intention to relinquish a right fixed by contract; his failure at the proper time to insist upon his right; the prejudicial effect of his failure so to do upon the situation of the other party; and other circumstances. It was error to single out one of these circumstances and hold as matter of law that it would constitute a waiver or abandonment.

3. Error of the presiding Judge in charging the defendants' fourth request, which was as follows: "It is a rule of the civil law, consonant with reason, that any one may renounce or waive that which was established in his favor. The same rule obtains at the common law. In practice it is required of every one to take advantage of his rights at a proper time, and neglecting to do so will be a waiver."

Specification: (a) One seeking to have a contract declared abandoned upon the ground of delay of the other party in asserting his rights thereunder must show such wilful and intentional delay, or such unreasonable and unexplained delay, as will evince the intention of the party delaying to treat the contract as at an end, or that the delay has caused such damage or change of situation to his prejudice as will render the enforcement of the contract inequitable or unjust. The charge was inconsistent with this principle. *Reid* v. *Mix,* 63 Kan. 745, 66 Pac. 1021, 55 L. R. A. 706. (b) The question of waiver or abandonment is one of fact, to be determined by all the circumstances of the case, including the knowledge on the part of the party of his rights; his intention to relinquish a right fixed by contract; his failure, at the proper time, to insist upon his right; the prejudicial effect of his failure so to do upon the situation of the other party; and other circumstances. It was error to single out one of these circumstances and hold as matter of law that it would constitute a waiver or abandonment.

4. Error of the presiding Judge in charging the defendants' fifth request, which was as follows: "So if the jury find from the evidence that T. D. Harris voluntarily abandoned the agreement to resurvey the land, he will be held to have waived it, and will be precluded from claiming anything under it."

Specifications: A waiver or abandonment is the intentional relinquishment of a known right, in the nature of an agreement with the other party, based upon a valid consideration, upon which the other party has acted to his prejudice. The charge is erroneous as not being in conformity with this principle. (a) It permitted the jury to find a waiver or abandonment for the circumstance alone that T. D. Harris voluntarily abandoned the agreement to resurvey, in the absence of any communication or agreement between him and the defendants. (b) It permitted the jury to find a waiver or abandonment from that circumstance alone

without reference to any knowledge thereof on the part of the defendants, or of any prejudical effect thereof upon their conduct or situation.

5. Error of the presiding Judge in charging the defendants' sixth request, which was as follows: "If the jury find from the evidence that the plaintiff knew that defendants had bought this land for the purpose of reselling it, and find that after the lapse of the time fixed in the contract for the resurvey of the land, if they find a time fixed, plaintiff knew that defendants were reselling said land as and for the amount set forth in his deed, and he remained silent, when he should have spoken, he will not be heard now to dispute that the acreage is correctly set forth in the deed."

Specifications: (a) The presiding Judge had construed the written agreement and held that time was not the essence of the contract; that the contract did not call for a specific time within which T. D. Harris was to have a resurvey of the land made. It was error, therefore, to submit to the jury the question whether or not a certain time had been fixed in the contract for the survey. (b) There was not a particle of testimony to the effect that the plaintiff knew that the defendants were reselling the land as and for the acreage set forth in the deed. It was error, therefore, to charge upon a hypothetical state of facts of which there was no evidence. (c) Even if T. D. Harris knew that the defendants were reselling the land as containing 144 acres, and remained silent or inactive as to his rights under the contract, in the absence of facts constituting a waiver or abandonment (which absence this request assumes), there was no obligation resting upon him to do or say anything. The defendants had signed the contract, they knew its terms, and if they chose to sell at 144 acres, without being misled by any statements of T. D. Harris (which the request assumes), they cannot complain that he remained silent or was inactive. (d) The plaintiff, under the Judge's charge (which is the law of the case), had six years within which to

assert his rights under the contract. Unless he misled the defendants as to his claims, they cannot plead estoppel by reason of his silence or inactivity under the circumstances stated in the request. The charge was erroneous in not making his misleading statements an essential element in the estoppel declared in the request. (e) There is no ground for holding that the plaintiff was estopped by remaining silent under the circumstances stated, unless his conduct was such as to make it inequitable for him to set up his claim, and this was a matter to be determined by the jury. *Chaffee* v. *City of Aiken,* 57 S. C. 507, 35 S. E. 800.

6. Error of the presiding Judge in charging defendants' seventh request, which was as follows: "If the jury find from the evidence that the plaintiff failed and neglected to perform his part of the contract, herein sued on, and the position of the parties has been altered since that time, plaintiff will not be heard to complain, and cannot claim damages for failure of defendants to perform the contract. A contrary doctrine would enable one to take advantage of his own wrong."

Specifications: (a) There was not a particle of testimony to the effect that the plaintiff had failed and neglected to perform his part of the contract. It was error, therefore, to charge upon a hypothetical state of facts of which there was no evidence. (b) The breach of contract on the plaintiff's part referred to in the request could only have had reference to his failure to have the resurvey made within 10 or 15 days. This point had already been decided by the presiding Judge in the plaintiff's favor when he held that time was not of the essence of the contract. The charge, therefore, left it open to the jury, notwithstanding the construction of the contract by the Court, to find that the plaintiff had agreed to make the survey within that time, and had not done so, thereby breaching the contract. This charge is particularly prejudicial to the plaintiff in connection with the error assigned in the first exception.

*Messrs. Cothran, Dean & Cothran,* for appellant, submit: *Time not of the essence of the contract:* 55 L. R. A. (706). *As to estoppel:* 11 A. & E. Enc. of L. 446; 29 *Ib.* 1092; 65 L. R. A. 419; 41 Mich. 453; 210 Pa. 169; 17 S. C. 219; 82 S. C. 24. *Charge as to waiver:* 7 Rich. 193; 17 Am. Dec. 368; 29 A. & E. Enc. of Law 446; 75 Atl. 29. *Estoppel in pais:* 96 S. C. 106; 51 S. C. 476; 57 S. C. 507; Riley Ch. 9; 3 Strob. L. 367; 85 S. C. 170; 6 S. C. 29; 9 Wall. 274; 15 S. C. 71; 34 S. C. 464.   ·

*Messrs. Bonham, Watkins & Allen* and *Smith & DuBose,* for respondents. The former cite: *Construction of contract by parties:* 100 S. C. 1 and 27. *Mutual mistake:* 98 S. C. 279. *Reasonable time:* 98.S. C. 8. *Waiver:* 75 S. C. 334; 101 S. C. 249; 100 S. C. 121. *Estoppel:* 67 S. C. 451; 57 S. C. 507; 67 S. C. 456; 65 S. C. 45; 99 S. C. 87.

March 14, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action to recover $982.50, alleged to be due the plaintiff by the defendants, for failure, on the part of the defendants, to comply with their part of an agreement in writing, which contains, substantially, these provisions: Whereas, T. D. Harris has this day deeded to John F. Harris, W. T. Jeans, M. C. Smith, and W. T. Bates a certain tract of land, for the sum of $4,320, which is at the rate of $30 per acre, according to the survey made by G. A. Ellis, October 13, 1909, which survey only shows 144 acres, which is about 80 acres less than the deeds to the said Harris call for; and, whereas, it is the purpose of the said Harris to have the land surveyed again, within the next 10 or 15 days, he agreeing to have the same done at his own expense: Now, we each agree to the following, viz.: When a resurvey is made, satisfactory to all concerned, should it show more than 144 acres, we are to pay the said D. T. Harris in cash,

on the day such overage is found, $30 per acre for such overage. And should it be found from the survey that there is a shortage, or less than 144 acres, then and in such event the said D. T. Harris is to pay or return to the parties hereinbefore mentioned, for any shortage found in like manner.

The deed of conveyance from T. D. Harris to the grantees hereinbefore mentioned bears date the 19th of October, 1909. The land was not resurveyed, until the 24th of January, 1912. The survey then made showed that the tract contained 176.75 acres. In the meantime, the defendants had conveyed a part of said land to B. F. Freeman, on the 22d of February, 1910, as containing 60 acres, more or less, and to S. G. Boggs the remaining portion, as containing 84 acres, more or less. S. G. Boggs died shortly thereafter, and that part of the land conveyed to him was partitioned among his heirs; these two parcels aggregating 144 acres. The jury rendered a verdict in favor of the defendants, and the plaintiff appealed upon exceptions, which will be reported.

First exception: In the first place, his Honor, the presiding Judge, ruled that the time mentioned in the said agreement was not of the essence of the contract; and, in the second place, the testimony was responsive to the allegations of the following defense interposed by the defendants, to wit:

"That it was the intention and agreement of the parties to the contract that the resurvey should be made within the time specified, to wit, within the next 10 or 15 days, and that the resurvey within such time should be a condition of the plaintiff's right, without which the contract should be void, and if the said condition is not explicity stated in the said contract, it is because of a mutual mistake of the parties thereto, and was due to the error of T. D. Harris, the plaintiff herein, who drew it, in that he did not clearly and definitely express the terms and conditions of the contract, as

agreed to by the parties, and that said contract should be so reformed as to express the agreement above outlined."

The following authorities show that said testimony was admissible: *Moore* v. *Edwards,* 17 S. C. L. (1 Bailey) 23; *Glover* v. *Gasque,* 67 S. C. 18, 45 S. E. 113; *Hodges* v. *Kohn,* 67 S. C. 69, 45 S. E. 102; *Madden* v. *Ins. Co.,* 70 S. C. 295, 49 S. E. 855; *Holliday* v. *Pegram,* 89 S. C. 73, 71 S. E. 367; *Watson* v. *Paschall,* 93 S. C. 537, 77 S. E. 291.

Second exception: The charge which gave rise to this exception is merely to the effect that it is required of every one to take advantage of his rights, at a proper time, and the neglect to do so will be considered a waiver. That part of the charge mentioned in the exception did not undertake to say what would constitute a proper time, and we are unable to discover in what respect it was prejudicial to the rights of the appellant.

Third exception: What has just been said disposes of this exception.

Fourth exception: This exception was abandoned.

Fifth exception: The plaintiff's first and second requests to charge were as follows:

"(1) Whether or not time is of the essence of a contract is a question of construction to be decided by the Court, upon an inspection of the contract. (2) Under the contract of October 19, 1909, I charge you that time is not of the essence of said contract."

Both requests were charged. This construction had reference to the words of the contract, appearing upon its face, and not to the issue of fact, raised by the defense, that there was a mistake on the part of the plaintiff, in reducing to writing the agreement of the parties. The words, "if they find a time fixed," in the defendant's sixth request, evidently contemplated that the jury might reach the conclusion that there was a mistake as alleged in the defense.

In regard to the question whether the plaintiff knew that the defendants were reselling the land as containing only 144 acres, the record shows that the plaintiff testified:

"I did not know that they had bought the land for the purpose of reselling it. It was a natural supposition that they had bought it to sell."

The words, "When he should have spoken" in said request clearly show that his Honor, the presiding Judge, did not intend to charge that mere silence would estop the plaintiff from contesting the fact that the acreage was not correctly set forth in the deed, but that such fact should be determined, in the light of all the testimony.

Sixth exception: There was testimony from which the jury might reasonably have drawn the inference that the facts were, as alleged in the defense, hereinabove mentioned, and, if so, then there was a failure on the part of the plaintiff to perform his part of the contract.

Judgment affirmed.