9449

GILL *ET AL.* v. RUGGLES.

(89 S. E. 508.)

1. EVIDENCE—PAROL EVIDENCE—VARYING CONTRACT.—Where all matters between the parties to a written contract, whereby defendant was to purchase certain land for $375,000, and thereafter convey it to a corporation to be formed by the parties, were merged in a supplemental contract, parol evidence that defendant had previously promised to pay plaintiffs the sum of $25,000, which they had advanced at his request, was incompetent to vary the written contract.

2. ·EVIDENCE—RELEVANCY—ACTION ON CONTRACT.—In such case defendant had a right to do as he pleased with the property purchased so long as he carried out his written contract with the plaintiffs by purchasing and paying for such property, so that in an action to recover an amount claimed to be due to plaintiffs independently of the contract, evidence as to whether the company made any money during its existence, and as to the sale and buying in of the property, was irrelevant and inadmissible.

3. EVIDENCE — PAROL EVIDENCE — PROMISE. — In such case, where the entire evidence failed to show any parol agreement between the parties after their written contract, and where any parol agreement or promise by defendant was prior to or contemporaneous with the written agreement of the parties, evidence that the true consideration of the written agreement was different from that stated therein, and that defendant would pay plaintiffs money advanced by them, was incompetent to vary the contract.

4. EVIDENCE—PAROL EVIDENCE—VARYING CONTRACT.—In such case, evidence that there was a difference over the various papers drawn, and that modifications were made and an agreement reached, was inadmissible where the evidence showed that the agreement was intended to embrace the entire agreement between the parties.

Before PRINCE, J., Marion, April, 1915.      Affirmed.

Action by Charles E. Gill and others against Charles F. Ruggles. Judgment for defendant on his motion for a nonsuit, and plaintiffs except and appeal. Exceptions overruled.

For former appeal, see 97 S. C. 278, 81 S. E. 519.

Exceptions 2 to 5, referred to in the opinion, were as follows:

2. Because his Honor erred, it is respectfully submitted, in sustaining the objection of the defendant to the following testimony:

FOOTNOTE.—Generally as to admissibility of parol evidence to vary terms of written contract, see notes in 17 L. R. A. 273; to show collateral oral agreement, 2 A. & E. Ann. Cas. 146, 22 A. & E. Ann. Cas. 1912a, 781, 26 A. & E. Ann. Cas. 1913a, 37, 31 A. & E. Ann Cas. 1914a, 454.

"Q. Did that company make any money during its existence? (Objected to as immaterial and irrelevant.) Mr. Buck: They introduced the agreement under the terms of which Mr. Ruggles was to purchase certain timber and convey it to the Southern Carolina Lumber Company; our purpose is to show that it was a successful corporation and that Mr. Ruggles shut it down and bought it for his own use. The Court: We are not trying that case now. Q. Who owned the controlling interest in the Southern Carolina Lumber Company? Objected to as immaterial. Objection sustained. Exception noted.) Q. Mr. Wunderlich, did that corporation make money during the last year of its existence? (Objected to as immaterial. Objection sustained. Exception noted.) Q. Was that property sold over your protest? (Objected to as immaterial. Objection sustained. Exception noted.) Q. Who bid in that property? (Objected to as immaterial. Objection sustained. Exception noted.) Q. How much was paid for it? (Objected to as immaterial. Objection sustained. Exception noted.) Q. To whom was it paid? (Objected to as immaterial. Objection sustained. Exception noted.) Q. Do you know D. O. Anderson? A. Yes. Q. Have you ever heard Mr. Ruggles say whether or not he occupied any position under him? (Objected to as irrelevant. Objection sustained. Exception noted.) Q. Do you know whether or not he was taken in by Mr. Ruggles as a newsboy off the train, and worked for him for years? (Objected to as irrelevant. Objection sustained. Exception noted.) Mr. Buck: The above testimony is offered to show that Mr. Ruggles ultimately got the entire benefit of the property and of the notes."

The error being, it is respectfully submitted, that this testimony tended to show that, although Mr. Ruggles had conveyed the timber to the Southern Carolina Lumber Company, he ultimately got the entire benefit of the property and of the notes and that the said testimony was responsive to

the allegations contained in the second cause of action of the amended complaint, as tending to show that the plaintiffs got no benefit from the $25,000, and that the defendant received the entire benefit therefrom, the testimony showing that the notes were given with his knowledge and at his request.

3. Because his Honor erred, it is respectfully submitted, in granting the order of nonsuit as to the first cause of action upon the ground that the subsequent parol agreement, proof of which was offered, must have been upon a new and valuable consideration and that there was no testimony of such new and valuable consideration, it being respectfully submitted that there was testimony showing sufficient consideration, as follows: (a) That the true consideration of the deeds from the timber companies to defendant was $400,000, $25,000 of which was paid by plaintiffs' notes. (b) That the defendant could not have obtained title to the property for less than $400,000, and without plaintiffs' having given $25,000 thereof. (c) That the preferred stock obtained by defendant was made more valuable by reason of the plaintiffs' notes, in that all of the timber could not have been obtained by defendant except upon the payment proved by plaintiffs. (d) That the mutual agreement between plaintiff and defendant that plaintiffs would give their notes for $25,000 and that he, the defendant, would pay them, was a sufficient legal consideration.

4. Because his Honor erred, it is respectfully submitted, in holding that the written supplemental agreement of December 23, 1908, could not be added to or varied by a supplemental·parol agreement, based upon a sufficient consideration.

5. Because his Honor erred, it is respectfully submitted, in granting an order of nonsuit as to the second cause of action, in that there was testimony showing that plaintiffs received no benefit from the payment of $25,000 in notes, and that defendants received the sole benefit of said pay-

ment, knowing before and at the time of the execution of said notes, that they were being given in part payment of the purchase price of the timber lands conveyed to him, and that said payment was for defendant's sole benefit. Because his Honor erred, it is respectfully submitted, in holding that as to the second cause of action, in order to pay money for the benefit of defendant, it must have been money that the defendant was legally bound to pay, it being respectfully submitted that there was testimony showing that the payment of the sum demanded in the complaint was for the benefit of defendant, and paid with his knowledge, and, this being so, it was error to grant the nonsuit as to the second cause of action.

*Messrs. Willcox & Willcox* and *Henry Buck,* for appellants, cite: *As to rescission and novation:* Rice's Eq. 108; 79 S. C. 141; 81 S. C. 461; 82 S. C. 555; 16 Am. St. Rep. 793; 56 *Ib.* 656, 661, 662, 663; 139 *Ib.* 19, and note. *Consideration for subsequent parol contract:* 1 Parson's Contracts 444; 9 Cyc. 311, 312, 321-325; 3 Hill 41; 31 S. C. 87; 89 S. C. 11; 40 U. S. 290; 2 Am. St. Rep. 317; 9 *Ib.* 422; 21 *Ib.* 693; 25 *Ib.* 531. *Moral obligation sufficient:* 39 S. C. 323; 70 S. C. 516; 98 S. C. 408; 39 Am. St. Rep. 735. *Action for money had and received:* 73 S. C. 83; 1 Greenleaf Ev., secs. 113 and 114, 108. *Ratification and estoppel:* 59 S. C. 81; 70 S. C. 380; 46 S. C. 37; 27 Cyc. 837; 4 A. & E. Dec. in Eq. 346; Keener Quasi Contracts 388.

*Messrs. W. F. Stevenson* and *John H. F. Lee,* for respondent, cite: *As to parol evidence to vary written contract:* 1 McC. Ch. 491, 496; 24 S. C. 128; 31 S. W. 843; 79 N. W. 575; 3 S. C. 511; 110 S. W. 622; 62 S. E. 510; 27 S. C. 383; 46 S. C. 220. *Contemporaneous parol contract:* Greenleaf Ev., sec. 108; Brander's Ev., sec. 325; 147 U. S. 91; 72 N. Y. 108; 64 S. E. 381; 3 Greene 24; 17 Ga. 422;

466          GILL, et al. v. RUGGLES.

138 Mass. 412; 21 Minn. 130; 65 Me. 158. *Novation:* 2 Bailey 342; 33 S. C. 122, 124; 29 S. E. 722; 45 S. E. 237; 55 Atl. 199; 55 N. Y. Supp. 630; 47 Pac. 841. *Rule excluding parol testimony substantive law:* Greenleaf Ev. (16th ed.), sec. 305a; 125 Fed. 110. *Variance between pleading and proof:* 1 McC. Ch. 491. *As to resulting trusts:* 56 S. C. 78; 70 S. C. 344; 73 S. E. 1029.

July 7, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action was brought in 1911 by plaintiffs against the defendant for the sum of $25,000. The case was tried at the November term, 1912, and resulted in a verdict for the plaintiffs for the full amount claimed. Upon appeal this judgment was reversed, as will be seen in 97 S. C. 278, 81 S. E. 519. The case was again tried by his Honor, Judge Prince, and a jury, at the April term of Court, 1915, for Marion county. At the conclusion of the plaintiffs' testimony, upon motion of the defendant, a nonsuit was granted by his Honor, and, after entry of judgment, the plaintiffs appeal.

The plaintiffs' first exception is: (1) Because his Honor erred, it is respectfully submitted, in making the following ruling as to the introduction of testimony:

Q. "Did you give your note as part payment on the land? (Objected to.) The Court: It is understood that all the objections of counsel as to proving any contract that varies the terms of the original agreement are sustained and that they do object on that ground."

The error being, it is respectfully submitted, that evidence of parol agreement, subsequent to the written contract, based upon valuable consideration, was competent and responsive to the allegations of the fifth and sixth paragraphs of the first cause of action in the amended complaint, the witness,

Wunderlich, having testified that the notes were executed
subsequent to the execution of the supplemental agreement
of December 23, 1908, and the allegations of the said para-
graphs being that the notes were executed on the 24th day
of December, 1908. This exception cannot be sustained.

All things between the parties outstanding were merged
in the deal contract or agreement entered into between the
parties in the supplemental agreement made on December
23, 1908. The defendant under this agreement was to get
the property for $375,000. Ruggles paid the contract price
agreed upon, $375,000, and the $25,000 that plaintiffs claim
they had paid was prior to the time this agreement was
entered into between them; and, even if they had advanced
and paid out this sum at the request of Ruggles, this was
merged in the agreement between them, and the written con-
tract entered into between them controls and cannot be
varied by parol evidence, and plaintiffs cannot show by parol
evidence anything other than what is fixed by this written
agreement. All conversations and negotiations between the
parties leading up to the transaction and trade are incompe-
tent. For when there was a meeting of the minds and they
reduced the contract between them to writing, and executed
the same, the contract speaks for itself and shows what the
agreement between the parties was; and any conversation
between the parties before this leading up to the agreement
would be incompetent, as the written agreement entered into
by the parties cannot be varied by parol evidence, but it is
the agreement between the parties and is the contract
between them that fixes the status and determines the rights
of the parties to it. It must be held that the entire under-
standing between the parties was crystallized by the written
contract entered into between them and that all parties that
had been discussed between them prior to that time were
merged in the contract written and fully executed by them
on December 24, 1908, at Duluth, Minn. In that contract
Ruggles specifically agreed to pay $375,000 for the timber

lands in question, and the evidence shows that he has carried out the terms of this contract in every particular. The plaintiffs' attempt to show that Ruggles had made an oral agreement with them at Marion, S. C., prior to the time they met at Duluth to pay the $25,000, which they had executed notes for to the owners of the timber lands, and that at Duluth he renewed this promise—all of these facts were known to the parties plaintiffs, before the written contract was entered into by the parties. It appears conclusively from the evidence that there was some understanding as to this $25,000 before the contract was executed. It does not make any difference what the discussion or understanding was between them prior to the execution of the contract. The contract shows the understanding of the parties, and their intentions were crystallized by the contract when they executed it. The contract entered into cannot be varied by prior or contemporaneous negotiations or oral agreements entered into inconsistent therewith. *Gibson* v. *Watts,* 6 S. C. Eq. (1 McCord. Eq.) 491; *Railway Co.* v. *Seigler,* 24 S. C. 124.

The second exception cannot be sustained. The defendant had a right to do as he pleased with the property purchased as long as he carried out the agreement entered into with the plaintiffs, and the evidence shows that he carried out every provision of the written contract itself; and the controversy between the parties is not over the provisions of the written contract, but the plaintiffs are seeking to recover $25,000, which they are claiming is due them, independent of the provisions of the contract; and we fail to see what bearing the introduction of the evidence must have on the points at issue between the parties, the questions asked were irrelevant and immaterial, and his Honor properly excluded them. This exception is overruled.

Exception 4 is overruled by what has been said in overruling the first exception.

Exception 3 is overruled, as the entire evidence in the case fails to show any subsequent parol agreement was made between the parties after the written contract was entered into between them in December, 1908, at Duluth; but the whole evidence shows that the plaintiffs rely on a parol agreement in reference to the $25,000, prior to or contemporaneous with the making of the written contract. The only inference that can be drawn from all of the evidence in the case is that if the parol agreement was ever made and Ruggles made any promise to provide for the same, it was prior to or contemporaneous with the written agreement, and the written agreement in December, 1908, cannot be varied by prior negotiations or contemporaneous negotiations or oral agreement entered into inconsistent with their written contract.

The plaintiff, Wunderlich, went to Duluth for no other purpose, so he testifies to, than for the purpose of closing the deal and for no other business, and that the deal was closed, contract signed, deeds delivered, and money paid. He testified that there was "a considerable squabble" over various papers drawn, but finally modifications were made and agreement reached. All of the evidence shows that the contract was intended to embrace the entire agreement between the parties. We must hold that the only rights and obligations as fixed in this contract can be enforced. A party to the contract has no interest or obligation other than that provided for in the contract. That contract provides Ruggles should pay $375,000; he has done so. The plaintiffs are attempting to change and vary the contract and exact from him $400,000. The plaintiffs' evidence conclusively shows that the oral agreement, if made, was while negotiations were going on while they were discussing matters during the two days at Duluth, and before the deal was closed. Whatever the discussion or negotiations were between the parties is immaterial, as the deal when closed was represented by what the parties agreed

upon in their written contract. The contract fixes the rights, interests, and obligations of the parties. There is no competent evidence in the case to prove any subsequent parol agreement between the parties, whereby the defendant could be charged and made to pay the amount claimed or any part thereof.

The fifth exception is overruled. Defendant carried out in every particular the terms and agreements entered into between the parties; he paid $375,000 to the owners of the land for the timber according to the stipulations of the agreement; he advanced $150,000 as a working capital to conduct the business of the corporation as stipulated. He conveyed the land to the corporation as agreed, and received preferred stock as agreed, and the others received their stock according to the terms and provisions of the agreement, Ruggles and his assigns 60 per cent., and the plaintiffs and their assigns 40 per cent.

Ruggles in all put in $545,000, and the plaintiffs $25,000. The plaintiffs received what they contracted for under the contract entered into by the parties, the contract was carried out, and the shares of the corporation distributed between the plainiffs and the defendant as provided for. The whole evidence in the case shows that, after the mill was unsuccessfully operated for several years, the plaintiffs sought to hold the defendant liable for the notes they gave, and to claim that the written contract was not the entire understanding of the parties, and that there was a parol agreement inconsistent with the written contract.

The exceptions are all overruled, and judgment affirmed.