## 10708.

### BLACKWELL v. FAUCETT.

#### (108 S. E. 295)

1. JUDGMENT—No RECOVERY ON CAUSE OF ACTION NOT PLEADED.—
    Where plaintiff's cause of action for conversion of certain shingles
    and cement was based on the contract for the purchase of the land
    on which the shingles and cement were placed, plaintiff cannot
    recover for the conversion on any theory of annexation of the
    material to the land.

2. MAGISTRATES—EQUITABLE RELIEF IMPROPERLY GRANTED IN CIRCUIT
    COURT ON APPEAL FROM MAGISTRATE.—Where the case was before
    the Circuit Court on appeal from a magistrate, it should have been
    decided on the jurisdictional facts as they existed in the magis-
    trate's Court, and an equitable remedy, not enforceable in the
    magistrate's Court, was improperly granted.

3. MAGISTRATES—WHERE REFORMATION OF CONTRACT FOR SALE OF LAND ESSENTIAL TO RECOVERY, MAGISTRATE WAS WITHOUT JURISDICTION.— Where plaintiff sued for conversion of shingles and cement, claiming title because they were sold to him with the tract of land on which they were placed, and were included in the trade evidenced by the written contract for the sale of the land, which contract did not in fact refer to them, reformation of such contract to include them was essential to plaintiff's recovery, and therefore a magistrate was without jurisdiction.

4. EVIDENCE—COURT CAN LOOK ONLY TO TERMS OF WRITTEN CONTRACT— When the parties have reduced their contract to writing, the Court can look only to the terms in which the parties have expressed their intention in such writing.

Before MOORE, J., Cherokee, January, 1920.   Reversed.

Action in Magistrate's Court by Joe Blackwell against W. T. Faucett.   Judgment for plaintiff affirmed by Circuit Court and defendant appeals.

*Messrs. Dobson & Vassey,* for appellant, cite:   *Parol testimony inadmissible to vary terms of a written contract:* 46 S. C., 411; 77 S. C., 191; 83 S. C., 204; 90 S. C., 541; 27 S. C., 376; 69 S. C., 93; 84 S. C., 181; 104 S. C., 461; 109 S. C., 29; 111 S. C., 287; 113 S. C., 223.   *Prior or contemporaneous negotiations merged in written contract:* 77 S. C., 191; 2 Elliott Conts., Secs. 1510, 1620; 3 Ell. Conts., Sec. 1983; 17 Cyc., 596; 104 S. C., 461.   *Shingles and cement not attached to land and not fixtures:*   100 S. C., 21; 97 S. C., 189; 51 S. C., 1; 95 S. C., 221; 33 S. C., 339; 19 Cyc., 1037; 69 L. R. A., 898; 11 R. C. L., 1063. *Magistrate has no jurisdiction in equity matters:*   Const., Art. 5, Sec. 21; Code Proc. 1912, Sec. 407; 107 S. C.. 322.

*Mr. G. W. Spear,* for respondent, cites:   *What is a fixture is mixed question of law and fact:*   95 S. C., 221; 78 S. E., 960.   *If equitable, appellant has burden of showing error:*   102 S. E., 2.   *Action is one at law and facts not reviewable:*   85 S. E., 238; 75 S. E., 696; 87 S E., 639.

August 26, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action in magistrate Court for $100, the value of certain shingles and cement alleged to be the property of the plaintiff, and wrongfully converted to his own use by the defendant. Judgment for the plaintiff; appeal to Circuit Court; judgment of magistrate affirmed; defendant appeals.

These are the facts of this controversy, as we gather them from the record:

In the fall of 1919 the plaintiff, Blackwell, bargained with the defendant, Faucett, for a tract of land at the price of $3,500, payable $100 cash, the assumption of an outstanding mortgage of $600, and $2,800 on January 2, 1920; they entered into a written contract expressing these terms; on January 2, 1920, Blackwell complied with the terms of the sale, received from Faucett a deed conveying the premises, and on January 5th moved in and took possession. It appears that there was a lot of cement and shingles upon the premises when Blackwell bargained for the place, worth $89, which Faucett carried away with him when he moved out. Blackwell, upon finding that out, demanded the cement and shingles from Faucett, claiming that they were specifically included in the trade for the land, all covered by the agreed price. Faucett refused to deliver them, and this suit, in magistrate's Court resulted. The cement and shingles are not mentioned in the written contract or in the deed.

Upon the trial in magistrate's Court the plaintiff was allowed over the defendant's objection to testify that he had bought the land, cement and shingles, for $3,500; two witnesses for him were allowed to state the terms of the trade to have been as plaintiff testified. The ground of the defendant's objection to all of this testimony was that it

tended to vary and add to the terms of the written contract referred to, and of the deed. The objection was overruled by the magistrate, who, after taking the defendant's testimony, denying that the cement and shingles were included, rendered judgment in favor of Blackwell for their value, $89. On appeal to the Circuit Court the presiding Judge affirmed the judgment of the magistrate, intimating, without expressly deciding, that the parol testimony may have been admissible upon the theory that the material was placed upon the premises for annexation, and therefore passed with the land, but really basing his decision upon the fact of mistake in the written contract not expressing the oral agreement. He realized the difficulty of giving effect to this conclusion without a reformation of the contract, which, being an equitable remedy, could not be enforced in the magistrate's Court; he evaded the difficulty by holding that, as the case was then in the Court of Common Pleas, which did have equitable jurisdiction, the plaintiff might invoke its unlimited power to accomplish the reformation.

It is a sufficient answer to the suggestion relating to the annexation of the material to say that no such claim was made by the plaintiff, whose cause of action was distinctly upon the contract.

As to the other position taken by the Circuit Judge, it cannot be sustained, for the reason that the case was before him on appeal, not originally, and of course should have been decided upon the jurisdictional facts as they existed in the magistrate's Court. It might with equal propriety be contended that, if the action had been for the recovery of real estate in the magistrate's Court, on appeal the Court of Common Pleas would have had the power to "give judgment according to the justice of the case."

The real question for determination by this Court is whether, under the circumstances, a reformation of the written contract was essential to the plain-

tiff's recovery. If it was, the magistrate's Court was clearly without jurisdiction. That it was essential appears too apparent for argument. The plaintiff's cause of action was upon the contract; he claimed title to the cement and shingles by reason of the fact that they were sold to him with the tract of land—that they were included in the trade evidenced by the written contract. As a matter of fact, no reference is made to them in the written contract, and if they can be said to have been included in the written contract that result can only be accomplished by showing that they were included in the oral agreement which preceded the written contract, and by mistake were omitted. This would present a clear case for reformation of the written contract, and for the recovery upon it when so reformed. Until it has been reformed the plaintiff suing upon it is met with the rule forbidding parol evidence under the circumstances.

There is no more wholesome rule of law, in my opinion, than that announced in *Lagrone v. Timmerman,* 46 S. C., 411:

"When the parties have reduced their contract to writing, the Court can only look to the terms in which the parties have expressed their intention in such writing."

And quoting from 1 Greenl. Ev., § 275:

"When parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous colloquium between the parties, or a conversation or declaration at the time when it was completed or afterwards, as it would tend in many instances to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected."

"When a writing, upon its face, imports to be a complete expression of the whole agreement, and contains thereon all that is necessary to constitute a contract, it is presumed that the parties have introduced into it every material item and term, and parol evidence is not admissible to add another term to the agreement, although the writing contains nothing on the particular item to which the parol evidence is directed."    16 R. C. L. 1030.

The "primary right," as Mr. Pomeroy terms it (volume 2, § 911), of the plaintiff is legal, the right to recover the value of the cement and shingles which, under the contract, belonged to him, and which has been unlawfully converted to his own use by the defendant; the plaintiff's remedy is not upon the written contract for it makes no mention of these commodities, but it is a reformation of the written contract that it may correctly express the agreement of the parties by including these commodities which were through mistake omitted from the contract. His primary right being legal, and his remedy purely equitable, the jurisdiction of the Court of equity is exclusive.

The magistrate's Court, under the Constitution, having no equitable jurisdiction, it was impossible for the plaintiff to obtain in that Court the essential relief to recovery. He was inexorably confined to his legal action upon the contract, which by its failure to establish the right to the commodities for which he sued rendered parol testimony of that element inadmissible. If the plaintiff in a law case upon a written contract can, without notice to the defendant, recover upon an element in the preceding parol agreement which, by mistake, was omitted from the written contract, there is no necessity in any case for the reformation of the contract.

It is declared in *Moore v. Edwards' Ex'rs,* 1 Bail., 23, that while "mistake" is a branch of equity jurisdiction, it is not exclusively so, except where a discovery is indispensable, or "the nature of the relief is such as to require the

extraordinary aid of a Court of equity." Without a reformation of the written contract the plaintiff cannot prove the omitted element upon which he relies, for he would thereby violate the rule against parol evidence; the law Court could not reform a contract so as to render this testimony admissible; the equity Court could; the plaintiff's ability, therefore, to introduce such testimony depended upon the relief which required, and could only be obtained by, "the extraordinary aid of a Court of equity;" which demonstrates that the plaintiff's relief upon the ground of mistake could only be obtained in a Court of equity. That case involved the simple correction of an error, a "mistake," in the application of a certain credit upon an execution, just as a law Court could correct a similar error in a credit upon a note; it involved no feature of equitable cognizance; no reformation of the instrument, or other relief which required "the extraordinary aid of a Court of equity; "and very properly the Court held that the error could be corrected in a Court of law. But here the plaintiff, in order to recover upon the omitted element, is obliged to invoke the extraordinary aid. So in the case of *Griffin v. Ry. Co.*, 66 S. C., 77; 44 S. E., 562, it was held that in a law case the question of fraud in the execution of a release, signed by the plaintiff, could be determined by the law Court. It was simply the establishment of a fact which nullified the release and no aid of the equity Court was required. Other cases might be cited illustrative of the distinction between cases where a fact is allowed to be proved in a law case which defeats the adversary's contention, although it may be a matter of equitable jurisdiction, and cases where the extraordinary aid of a Court of equity is invoked to afford certain relief upon the proof of such fact.

The very recent case of *Gill v. Ruggles,* 104 S. C., 461; 89 S. E., 503, is instructive. There parol evidence was held inadmissible to establish an agreement which was not included in the subsequent written agreement. No effort

was made to reform the written agreement, and until it was reformed the evidence was not admissible.

The judgment should be reversed and the case remanded to the magistrate for a new trial. That being the opinion of a majority of the Court, it is so ordered.

Judgment reversed.

JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY (dissenting): The facts as found by his Honor, the Circuit Judge, are as follows:

"This cause came on to be heard upon appeal by the defendant from the judgment of the Court of Magistrate J. B. Bell, in favor of plaintiff and against the defendant for the sum of $89, the value of certain shingles and cement belonging to the plaintiff and wrongfully taken and converted to his own use by the defendant. The facts established by the evidence are as follows:

"Plaintiff and defendant were negotiating for the sale by the latter and the purchase by the former of a certain tract of land and certain cement and shingles then upon the lands and intended by the owner for use in the repair of buildings thereon. The final conclusion reached by the parties was that the defendant would sell and the plaintiff would buy the lands in question, including the shingles and cement, at and for the price of $3,500, whereupon $100 of the purchase price was paid by the plaintiff and a contract in writing was signed by the defendant for the execution by him of a. deed of conveyance of the premises to the plaintiff upon the payment by the latter of the remaining purchase money upon a then future day therein specified. By a mutual mistake of the parties, there was no mention of the shingles and cement in this contract; but the fact that these chattels were intended by the parties to be conveyed along with the land is established by the evidence, although controverted by the defendant.

"The plaintiff having subsequently paid the credit portion of the purchase money, in pursuance of the contract, a deed of conveyance to him of the lands in fee simple was duly executed and delivered by the defendant; but, by reason of a continuance of the mutual mistake, this deed contained no direct reference to the shingles and cement now in controversy. It is established by the evidence, however, that it was the purpose and intention of the parties at the time that the title to the shingles and cement should pass by this conveyance.

"Upon taking possession of the land, in pursuance of this deed, the plaintiff discovered that the shingles and cement had been removed from the premises and converted to his own use by the defendant, and thereupon this action was brought in the Court of magistrate for the recovery of the property so converted or the value thereof. The evidence has been taken, and there is no suggestion that any other testimony is available.

"There is very respectable authority for the proposition that chattels placed upon the premises by the owner, with the intention of annexing the same to the realty, thereby become a part of the freehold, and will pass by a deed of the premises as fixtures under the doctrine of constructive annexation. See 19 Cyc., 1042-1044. Certainly, this should be the effect of such a deed when such was the intention of the parties, as was the fact in the case at bar. The proof of such an intention by parol does not vary or contradict the writing in the contract or deed, as it merely serves to establish the status of the chattel as being a fixture, and passing by the deed.

"Even, however, if the shingles and cement here in controversy did not become fixtures by constructive annexation to the realty, under the contract between the parties plaintiff and defendant for the sale by the latter and the purchase by the former of the lands, including the shingles and cement, and the deed made in pursuance thereof, so

as to pass the legal title to these chattels as fixtures, it still does not follow that the complaint in this case should be dismissed merely on account of the fact that the action was originally commenced in the Court of Magistrate."

The exceptions are as follows:

(1) "That his Honor erred in finding and holding that the cement and shingles were intended by the owner for use in the repair of buildings on the premises. It is respectfully submitted that there is no testimony in the case to support such finding."

(2) "That his Honor erred in finding as follows: 'The final conclusion reached by the parties was that the defendant would sell and the plaintiff would buy the land in question, including the shingles and cement, at and for the price of $3,500.' "

(3) "That his Honor erred in finding as follows: 'By a mutual mistake of the parties, there was no mention of the shingles and cement in this (written) contract, and that, by reason of a continuance of the mutual mistake this deed contained no direct reference to the shingles and cement now in controversy.' It is submitted that there is no testimony, nor even a suggestion in the case, that the cement and shingles were omitted from the written contract and the deed, by mutual mistake, or by mistake of either of the parties."

(4) "That his Honor erred in finding as follows: 'It is established by the evidence, however, that it was the purpose and intention of the parties, at the time, that the title to the shingles and cement should pass by this conveyance.' The contract for the purchase of the premises by the plaintiff and the deed of conveyance by the defendant to the plaintiff both being in writing and being conclusively presumed to contain the whole contract, it is respectfully submitted that there is no competent testimony to support the said finding."

(5) "That his Honor erred in holding that title to the shingles and cement would pass with a conveyance of the real estate by reason of their being placed upon the premises with the purpose and intention of repairing buildings thereon, in that: First, there is no testimony that the cement and shingles were placed upon the premises for that purpose; and, second, that the cement and shingles, not being attached or annexed to the realty, became no part thereof, and will not pass with the land."

(6) "That his Honor erred as a matter of law in holding that the Circuit Court should grant equitable relief in this case under Section 407 of the Code of Civil Procedure or any other provision of law. That the case having been commenced in the Magistrate's Court, and there being no proper allegations for the granting of equitable relief, the defendant having been put on no notice that such relief would be sought, his Honor erred in granting conceived equitable relief."

(7) "That even if the Court had authority and power to grant equitable relief in this case, there is no testimony in the case entitling the plaintiff to equitable relief; for the reason that there is no testimony that the shingles and cement were omitted from the written contract by fraud, duress, undue influence, or mutual mistake of the parties, and his Honor erred in holding that the contract should be reformed, and in not reversing the judgment of the magistrate's Court."

(8) "That his Honor erred in affirming the judgment of the magistrate's Court, and in not reversing said judgment upon each of the several and separate grounds contained in the defendant's appeal to the Circuit Court, each of which grounds is hereby made the basis of this exception."

## OPINION.

The exceptions will be considered in their regular order. First Exception.—This exception cannot be sustained

for the reason that there was testimony tending to sustain the finding of fact by his Honor, the Circuit Judge; therefore such finding is not subject to review by this Court. *Gossett v. Gladden,* 112 S. C., 144; 99 S. E., 752.

Second Exception.—For the reason just mentioned, and for the additional reason that this exception fails to specify the ground of error, it is also overruled.

Third Exception.—What was said in considering the first exception is conclusive of the question presented by this exception.

Fourth Exception.—The appellant's attorneys rely upon the rule thus announced in 1 Greenleaf on Ev., § 275:

"When parties have deliberately put their engagements into writing, in such terms as impart a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing; and all oral testimony of a previous colloquium between the parties, or of conversation or declaration at the time when it was completed or afterwards, as it would tend, in many instances, to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected."

The Court after quoting the foregoing with approval, in the case of *Lagrone v. Timmerman,* 46 S. C., 372; 24 S. E., 290, says:

"In other words—as the rule is now more breifly expressed—parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument."

This case is cited by the appellant's attorneys, together with numerous other authorities sustaining this doctrine. There are, however, two exceptions to this general rule, as distinct and well recognized as the rule itself, to wit,

fraud and mistake. In *Lee v. Lee,* 11 Rich. Eq., (S. C.)
574, it is said:

"If an instrument * * * absolute on its face can be con-
verted by parol into a defeasible instrument, except where
the omission to reduce the defeasance to writing was occa-
sioned by fraud or mistake, the evidence must be very clear
and convincing. * * * But if there be fraud, whether it
consist in not executing a defeasance, or in misrepresenting
the character of the instrument, or in any other way, it
would be a reproach to the administration of justice if the
perpetrator of the fraud could shield himself from detection
and exposure by the abuse of rules instituted to prevent
fraud. * * * In the language of the Supreme Court, 'the
oral evidence is admissible in such cases upon the general
principles of equity jurisprudence,' and to prevent the suc-
cessful practice of such frauds under the shelter of any
written papers, however precise and formal. The defend-
ant's principal ground of appeal is because his agreement
to reconvey the lands was a parol trust, and void under
statute of frauds. But *Massey v. McIlwain,* 2 Hill Eq.,
421, and *Kinard v. Heirs,* 3 Rich. Eq., 423; 55 Am. Dec.,
643, establish that the statute cannot be used as an instru-
ment of fraud."

The case of *Lee v. Lee,* 11 Rich. Eq., 574, is cited with
approval in *Welborn v. Dixon,* 70 S. C., 108; 49 S. E., 232;
3 Ann. Cas., 407. The jurisdiction of the Court in the
exercise of its chancery powers is not exclusive in cases
of fraud or mistake.

"Accidents and mistakes certainly constitute one branch
of equity jurisprudence; but it is not peculiar, except when
a discovery is indispensible, or the nature of the relief
such as to require the extraordinary aid of chancery. Ac-
tions at law to recover back money paid by mistake con-
stitute, in all the books of practice, a conspicuous class of
causes, for which the action of assumpsit may be maintained
at law; and there is no question that, in general, when the

facts can be proved according to the rules of the common law, and the remedy is such as a Court of law can administer, consistently, with the prescribed modes of proceeding mistakes may be inquired into in a Court of law. In the case under consideration, the plaintiff sued out a sci. fa. to revive a judgment against the defendant, and as evidence of payment, the defendant produces an execution, on which is indorsed the word 'satisfied;' the plaintiff replies it was so indorsed by mistake. There is nothing magical in the term itself. The evidence offered was admissible according to the rules of the common law, the relief such as a Court of common law · was competent to give, and the Court, therefore, clearly had jurisdiction." *Moore v. Edwards' Ex'rs.,* 1 Bail, 23.

This language is quoted with approval in the following cases: *Griffin v. Ry.,* 66 S. C., 77; 44 S. E., 562; *Hodges v. Kohn,* 67 S. C., 69; 45 S. E., 102; *Harris v. Harris,* 104 S. C., 33; 88 S. E., 276; and *Military Co. v. Fayonsky,* 113 S. C., 470; 101 S. E., 818. See, also, *Fass v. Ins. Co.,* 105 S. C., 364; 89 S. E., 1040.

Nor is it necessary, under certain circumstances, for the facts upon which a party relies to show fraud or mistake to be stated in the pleadings.

"Under the practice prevailing in this State, before the adoption of the Code of Procedure, even in a law case, the Court had the right, when an instrument of writing was introduced in evidence, although it was not mentioned in the pleadings, to declare it null and void, in so far as that action was concerned. In the case of *Maddox v. Williamson,* 1 Strob. L., 23, the Court says: 'An assignment, no more than a deed, can, in a Court of law, be set aside and cancelled; but when either deed or assignment comes in question in an issue here, it will, if fraudulent and void, be, for the purpose of that issue, regarded as a nullity. Section 3, Art. 5, of the Constitution of South Carolina, provides: 'That justice may be administered in a uniform

mode of pleading, without distinction between law and equity, they (the General Assembly) shall provide for abolishing the distinct forms of action, and for that purpose shall appoint some suitable person or persons, whose duty it shall be to revise, modify, and abridge the rules, practice, pleadings, and forms of the Courts now in use in this State.' In pursuance of this constitutional requirement, the Legislature adopted the Code of Procedure, under whose liberal provisions both legal and equitable issues may be decided in one action. We do not see, therefore, why the Court below did not have the right to declare the indenture null and void." *McKenzie v. Sifford,* 45 S. C., 496; 23 S. E., 622; *Griffin v. Southern Ry.,* 66 S. C., 85; 44 S. E., 562; *Hodges v. Kohn,* 67 S. C., 69; 45 S. E., 102; *Railway v. Devlin,* 85 S. C., 128; 67 S. E., 149; *Stack v. Haigler,* 90 S. C., 319; 73 S. E., 354.

It must be remembered that it was the defendant, and not the plaintiff, that set up the deed in his answer, and introduced it in evidence. It would therefore be a fraud on the rights of the plaintiff, and would allow the defendant to take advantage of his own wrong, if the plaintiff was denied the right to show the mistake in question. This exception is overruled.

Fifth Exception.—In the first place, there was testimony tending to sustain the finding of his Honor, the Circuit Judge; and, in the second place, it does not necessarily follow that the cement and shingles were not to be regarded as fixtures, by reason of the fact that they may not have been physically attached to the freehold. The rule in such cases is thus stated in *Hurst v. Furniture Co.,* 95 S. C., 221; 78 S. E., 960:

"The great confusion in regard to the law of fixtures, has arisen from the effort to construe that as a fixture in one case, because it was so regarded in other cases. A fixture involves a mixed question of law and fact. It is incumbent on the Court to define a fixture, but whether it

is such in a particular instance, depends upon the facts of that case, unless the facts are susceptible of but one inference. In modern times, the question whether the article is to be regarded as a fixture depends generally upon the intention of the parties in the particular case."

This exception cannot be sustained.

Sixth Exception.—This exception is taken under a misapprehension. It is true his Honor, the Circuit Judge, discussed the question mentioned in the exception, but he did not rest his conclusion thereon. After discussing such question, he thus states the ground upon which he rested his decision: "For the reason hereinabove stated, however, it is conceived that the plaintiff is entitled to such recovery even at law." The reasons hereinbefore set out are those to which he had reference. Furthermore, as said by Mr. Justice Watts in *Rowell v. Hines,* 114 S. C., 339; 103 S. E., 545: "This Court will sustain an order of the Circuit Court, if its conclusions are right and its reasons wrong." This exception is overruled.

Seventh Exception.—What has already been said is conclusive of the question presented by this exception.

Eighth Exception.—Rule 5, § 6, of this Court (90 S. E. VII), provides that each exception must contain a concise statement of one proposition of law, and that each exception must contain within itself a complete assignment of error, and a mere reference therein to any other exception then or previously taken, or request to charge, will not be considered. This exception violates the said rule. *Hayes v. McGill,* 116 S. C., 375; 108 S. E., 150.

For these reasons I dissent.