HODGES v. PEOPLES BANK OF GREENVILLE.

APPEAL—SUPREME COURT—FACTS.—An action by a trustee in bankruptcy against a creditor of the bankrupt to whom he is alleged to have made a preference, neither side having invoked the aid of the court of equity, is purely legal, and this Court cannot review findings of fact by Circuit Court on reversing report of master to whom case was referred by consent.

Before TOWNSEND, J., Greenville, August; 1904. Affirmed.

Action by Oscar Hodges, as trustee of Wm Fagan, bankrupt, against Peoples Bank of Greenville. From order of Circuit Court, defendant appeals.

*Messrs. M. F. Ansel* and *Cothran, Dean & Cothran,* for appellant. *Mr. Ansel* cites: *Whether defendant had knowledge of facts to put on inquiry, is question of law:* 16 Ency.,

1 ed., 792; Wash. on Notice, sec. 40; 29 N. Y., 220; 14 S. C., 321; *and this defense is an equitable one:* 41 S. C., 304; 67 S. C., 389; 69 S. C., 38.    *What notice is necessary to invalidate security taken for debt:* 64 S. C., 457; 108 U. S., 74; 182 U. S., 447; 20 Wall., 414; 102 Fed. R., 742; Black on Bank, 205; 103 U. S., 293; 64 S. C., 460.

*Messrs. McCullough & McSwain,* contra, cite: *This Court cannot review findings of fact below in this case:* 67 S. C., 69, 544; 69 S. C., 314.

February 16, 1905.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action by the plaintiff, as trustee of Wm. Fagan, bankrupt, to recover from the defendant the sum of $2,013.33, paid to the defendant by Wm. Fagan, on or about the 1st July, 1902, at which time Wm. Fagan was insolvent.    Within four months after said payment Wm. Fagan was declared a bankrupt.    The complaint alleges that the defendant had knowledge of the insolvency at the time of said payment, or had knowledge of such facts as would have given information of the insolvency, if there had been due diligence on the part of the defendant. All issues of law and fact were referred to the master, whose findings of fact were in favor of the defendant, and he recommended in his report that the complaint be dismissed.    The Circuit Court, upon exceptions to the master's report, reversed his findings of fact, and rendered judgment against the defendant for the amount claimed.

The first question to be considered is whether the findings of fact by the Circuit Court are reviewable by this Court. The aid of the Court in the exercise of its equitable jurisdiction was not invoked either by the plaintiff or the defendant.    The only relief which the plaintiff sought was the recovery of the sum of money mentioned in the complaint, and the answer of the defendant merely denied the allega-

tions upon which the plaintiff based his cause of action. The action was purely legal in all respects. This case is, therefore, ruled by the principle announced in *Hodges* v. *Kohn,* 67 S. C., 69, that the facts as found by the Circuit Court are not reviewable by this Court.

This conclusion practically disposes of all the questions in the case.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.