### · 9697

### HUBBARD v. HOLLIS.

#### (92 S. E. 1040.)

1. APPEAL AND ERROR—REVIEW—QUESTIONS OF FACT.—Code Civ. Proc. 1912, sec. 312, providing that actions for the recovery of money only shall be triable by a jury, a verdict in an action to recover an unlawful preference by a bankrupt is not reviewable on appeal.

2. TRIAL—QUESTIONS OF LAW AND FACT.—Whether there is any testimony whatever sustaining the material allegations of the complaint in an action for the recovery of money is a question of law, and not of fact.

Before DEVORE, J., Bennettsville, December, 1916. Affirmed.

Action by J. C. Hubbard, trustee, against F. G. Hollis. Judgment for plaintiff, and defendant appeals.

*Messrs. J. W. LeGrand* and *Gibson, Muller & Tison,* for appellant. *Mr. LeGrand* cites : *As to notice of insolvency:* 97 U. S. 80.

*Mr. Tison* cites : 64 S. C. 460; 130 Fed. 782; 143 Fed. 295; 165 Fed. 853. *Equitable action:* 108 U. S. 74.

*Messrs. Townsend & Rogers,* for respondent, submit : *Action is legal, not equitable:* 70 S. C. 478; 67 S. C. 69. *Issue for jury:* Loveland Bankruptcy 625, 626. *Notice of insolvency:* 64 S. C. 460.

June 28, 1917. ·

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for the recovery of money. The complaint (omitting the formal allegations thereof) is as follows:

"That within four (4) months prior to the filing of the said petition in bankruptcy, and the adjudication of bankruptcy, viz., on or about the —— day of ——, 1913, the said P. A. Miller Company was insolvent, and was indebted to the defendant, F. G. Hollis, in the sum of one thousand ($1,000) dollars, and in payment of said indebtedness transferred to the defendant merchandise consisting of groceries, etc., from its stock of goods of the reasonable value of one thousand ($1,000) dollars; that the effect of the transfer of said property was that the defendant obtained a greater percentage of his debt than any other creditor of said bankrupt of the same class; that the defendant knew, or had reasonable grounds to know and believe, at said time, that it was intended by such transfer of property, to give him a preference within the meaning of the acts of Congress relating to bankruptcy, and the defendant has neglected and refused to turn over to the plaintiff, as trustee, the property so received by him, as aforesaid, or to account therefor. Wherefore plaintiff demands judgment against the defendant for the sum of one thousand ($1,000) dollars, the value of the property received by him as aforesaid, and for the costs of this action."

The defendant denied said allegations.

At the close of the testimony the defendant's attorneys made a motion for the direction of a verdict on the ground:

"That the testimony, instead of showing that the defendant, F. G. Hollis, had reasonable cause to believe at the time the mortgage was made that P. A. Miller & Co. were insolvent, shows conclusively that they not only had no cause to believe that he was insolvent, but that they had gone further than the law required them to go, and had investigated the matter by conversations with the plaintiff, and looking over his visible assets, and that according to the testimony of the

plaintiff, or A. L. Miller, it is uncontradicted that the defendant, F. G. Hollis, had no reason to believe at the time the security was given that P. A. Miller & Co. were insolvent."

The motion was refused, and the jury rendered a verdict in favor of the plaintiff for the sum of $557.06.

The only question presented by the exceptions is whether there was error in refusing the motion for the direction of a verdict on the ground therein stated. The action is for the recovery of money only; and therefore, under section 312 of the Code, was triable by a jury. In such cases the facts are not reviewable by this Court. *Hodges* v. *Kohn,* 67 S. C. 69, 45 S. E. 102; *Hodges* v. *Bank,* 70 S. C. 478, 50 S. E. 192; *Townes* v. *Stultz,* 78 S. C. 478, 59 S. E. 983.

It is, however, a question of law whether there is any testimony whatsoever sustaining the material allegations of the complaint, *i. e.,* such testimony from which a reasonable inference may be drawn in favor of the plaintiff. For the purpose of determining that question, we have considered the testimony and reached the conclusion that it is subject to a reasonable inference in favor of the plaintiff.

Affirmed.